## PIONEER TELEPHONE & TELEGRAPH CO. v. CITY OF BARTLESVILLE.

No. 2627.    Opinion Filed August 6, 1913.

Rehearing Denied March 31, 1914.

(139 Pac. 694.)

**CONSTITUTIONAL LAW**—Fixing Rates by Injunction—Jurisdiction.
The district courts of the state _ave not jurisdiction to prescribe and compel by injunction a telephone company to charge a schedule of rates named by the court, pending a hearing and disposition of an application to the Corporation Commission by a customer of the telephone company to prescribe a schedule of rates to be charged by the company in the future.

(Syllabus by the Court.)

*Error from District Court, Washington County;*
*L. M. Poe, Judge.*

Injunction by the City of Bartlesville against the Pioneer Telephone & Telegraph Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*S. H. Harris* and *J. R. Spielman,* for plaintiff in error.

*Burdette Blue,* for defendant in error.

HAYES, C. J.  This action was begun on the 3d day of September, 1908, by the defendant in error, the city of Bartlesville, against the plaintiff in error, Pioneer Telephone & Telegraph Company, to obtain a temporary injunction restraining the telephone company from collecting a schedule of rates for telephone service in the city of Bartlesville, pursuant to a notice of the telephone company to its subscribers of its intention to make a higher charge for telephone service, beginning with October 1, 1908, than had been made by the company theretofore. As a ground for its right to the temporary injunction, the city alleged in its petition that the telephone company operated in the city of Bartlesville by virtue of a franchise granted to the telephone company by said city prior to the admission of the state into the Union, under the provision of the laws then in force

in the Indian Territory regulating incorporated cities and towns in the Indian Territory. It alleges that, by one of the provisions of the ordinance granting the franchise to the company, the rates for service to be charged by the company were limited not to exceed the sum of $2.50 per month for each business telephone, and $1.00 per month for each residence telephone. The schedule of rates sought to be enjoined by the petition is in excess of these amounts.

A temporary injunction was granted, restraining the company from collecting or attempting to collect charges for local exchange service above the amount specified in the franchise. Thereafter the company filed its demurrer to the petition of the plaintiff. No action was taken on this demurrer prior to the 28th day of May, 1910, on which date plaintiff was granted permission to, and did, file an amended petition. In the amended petition it realleged the facts alleged in its original petition, and, in addition thereto, alleged that the attempt on the part of the company to collect a higher rate for telephone service than had theretofore been collected by the company was in violation of an order of the Corporation Commission, known as order No. 101; and, as a third ground for maintaining its action, alleged that the company was giving inferior telephone service to its subscribers because of lack of equipment for carrying on its business. A demurrer to this amended petition was filed and sustained. Thereupon the city was granted leave to, and did, file an amendment to its petition, whereby it alleged, as a cause for injunction, that the city was a subscriber to the telephone company and used its telephones and paid therefor the regular rate of charges; that it had made an application to the Corporation Commission of the state to fix a schedule of rates to be charged for telephone service by plaintiff in error, and prayed for a temporary injunction restraining the company from in any way charging, altering, or adding to the rates as fixed by the terms of the franchise ordinance, pending the disposition of its application to the Corporation Commission. Upon this amendment to the petition, a temporary injunction was granted, from which this appeal is prosecuted.

The temporary injunction sought to be reversed restrains the telephone company from collecting any rentals in excess of those provided for by the ordinance granting to the company its franchise, and further restrains the company from refusing to furnish in any place of business or any residence of said city a telephone within a reasonable time after the same shall have been ordered, and to furnish same at the rental provided for in the ordinance granting the franchise.

The original petition based the right of the city to an injunction upon the provisions of the franchise ordinance, which attempted to prescribe the maximum rates the telephone company could charge for telephone service. Prior to the time of the filing of the first amended petition, this court rendered its decision in *South McAlester-Eufaula Telephone Co. v. State ex rel.,* 25 Okla. 524, 106 Pac. 962, in which it was held that telephone companies doing business in the Indian Territory prior to statehood, obtaining their authority to construct their lines along and over streets and highways by virtue of section 3 of the Act of Congress approved March 3, 1901 (Act March 3, 1901, c. 832, 31 St. at L. 1083), and the rules and regulations promulgated thereunder, were not subject to regulation in the franchise granted to them by incorporated cities or towns under said law as to the charges such company should make for services rendered, and that an ordinance which attempted to fix rates for telephone charges was to that extent void. It is conceded by all parties that, under the doctrine of the South McAlester-Eufaula Telephone Co. case, the original petition stated no cause of action, and the alleged ordinance of the city of Bartlesville, attempting to fix the rates for telephone charges, is to that extent void.

No appeal was prosecuted from the action of the court sustaining the demurrer to the second amended petition. No cross-appeal nor cross-assignment of errors has been made in this court complaining of that action of the lower court. There is, therefore, eliminated from this case every question except those that are raised by the second amendment to the original petition, considered in connection with the allegation of the original peti-

tion that the proposed new rates the telephone company is threatening to charge will be unreasonable and unjust. In other words, concisely stated, the question here presented is: Have the district courts of the state, pending an application to the Corporation Commission to prescribe a schedule of rates to be charged by a telephone company, jurisdiction to prescribe and compel by injunction such a company to charge a schedule of rates named by the court?

Plaintiff in error. is a corporation affected with a public use. By the Constitution of the state, telephone companies are declared to be public service corporations. Section 34, art. 9, Const. Plaintiff in error, in accepting the grant from the city of Bartlesville of the right to use the different streets and alleys of the city and to maintain and operate its telephone plant therein, thereby assumed and charged itself with certain duties toward the public. It became obligated by an implication of law, as one of the conditions of the privilege for conducting its business under the grant from the city, in the absence of any legislative restrictions upon the rate of compensation charged for the services rendered, to furnish to the inhabitants of the city telephones and telephonic service at a reasonable price. *Nebraska Telephone Co. v. State*, 55 Neb. 627, 76 N. W. 171, 45 L. R. A. 113; *Madison v. Madison Gas, etc., Co.*, 129 Wis. 249, 108 N. W. 65, 8 L. R. A. (N. S.) 529, 9 Ann. Cas. 819. Where a public service corporation refuses to perform a public service imposed upon it by law for a reasonable compensation, the person injured has his remedy by an action for damages; and, where it has charged and exacted an exorbitant price for any such service, the injured party may at common law maintain an action to recover the excess charge; and, where no charge has been agreed upon for the service, and the service has been performed, and the corporation rendering the same sues to recover, it may, in the absence of an express contract, recover a reasonable compensation for the services performed. In each of the foregoing cases, what is a reasonable compensation for the services performed is a judicial question. *Ft. Smith & W. R. Co. v. Chandler Oil Co.*, 25 Okla. 82, 106 Pac. 10; *Nebraska Telephone Co. v. State, supra; Texas*

*& Pacific Ry. Co. v. Abilene Cotton Oil Co.,* 204 U. S. 426, 27 Sup. Ct. 350, 51 L. Ed. 553, 9 Ann. Cas. 1075; *Heiserman et al. v. Burlington, Cedar Rapids & Northern Ry. Co.,* 63 Iowa, 732, 18 N. W. 903. But the case at bar presents none of the foregoing questions. The city seeks to have the court prescribe a schedule of rates that shall be charged for service rendered by the telephone company temporarily in the future, until the State Corporation Commission can hear the city's application for the promulgation of a schedule of rates. What is a reasonable charge for services that have been already rendered is a judicial question; but what will be a reasonable charge for services to be rendered in the future, and at what price the company shall enter into new contracts for the rendering of services to new patrons in the future is a legislative function. *A., T. & S. F. Ry. Co. v. State et al.,* 23 Okla. 510, 101 Pac. 262; *Ft. Smith & W. R. Co. v. State,* 25 Okla. 866, 108 Pac. 407; *Prentis et·al. v. Atl. Coast Line Co.,* 211 U. S. 210, 29 Sup. Ct. 67, 53 L. Ed. 150; *Osborne v. San Diego Land & Town Co.,* 178 U. S. 22, 20 Sup. Ct. 860, 44 L. Ed. 961; *Interstate Commerce Co. v. Railway Co.,* 167 U. S. 479, 17 Sup. Ct. 896, 42 L. Ed. 243; *Interstate Commerce Co. v. Alabama Midland Railway,* 168 U. S. 144, 18 Sup. Ct. 45, 42 L. Ed. 414; *Steenerson v. Great Northern Ry. Co.,* 69 Minn. 353, 72 N. W. 713.

The Constitution creates the State Corporation Commission as a legislative agency of the state, and vests it with full power and authority, and charges it with the duty of supervising, regulating, and controlling all the public service corporations in the state in all matters relating to the performance of their public duties and their charges therefor. And, to the end that the commission may prevent unjust discrimination and extortion by such companies in their charges, it is authorized, and it is made the commission's duty from time to time, to prescribe and enforce against such companies such rates and charges as may appear to the commission to be reasonable and just, which rates and charges may from time to time be altered or amended by the commission. Section 18, art. 9, Const. The Constitution is silent as to what charges may be charged by a public service cor-

poration prior to the time a schedule of rates and charges is promulgated by the commission; nor is there any statute upon this subject, so far as we are informed. It follows, therefore, that, where no rates or charges have been prescribed by the commission for a public service corporation, such as the telephone company in this case, it may exercise its right under the common law and contract for such compensation as will be reasonable for the services rendered, and it must render its service for a reasonable price; and, where it fails to do so, and extorts from its customers an unreasonable charge, such customer has his remedy at law to recover the excess charge.

It is urged by counsel for the city that it is not sought by this proceeding to prescribe a schedule of rates to be charged by the company, but it is sought only to require the company to charge the rates provided in the provision of the franchise and heretofore charged by the company, until the legislative body empowered by the Constitution to promulgate rates may do so upon the city's application now pending; but the character of the function plaintiff seeks to have the court exercise is not determined by the length of time the order will be in force, but is determined by its effect. It could not be questioned, upon reason or authority, that an order by the court that the company should, until otherwise ordered by the court, charge only the rates named by the court would be the exercise of a legislative function. An order by the court that it shall charge only a given schedule of rates until otherwise ordered by the Corporation Commission is an exercise of no different character of power. No legislative power in this respect has been conferred upon the district courts of the state. On appeal from the Corporation Commission, the Supreme Court may review an order of the commission prescribing a schedule of rates or charges, to ascertain the reasonableness and justness thereof, and, if found to be unreasonable and unjust, may prescribe a schedule of rates to be in force in lieu of the rates prescribed by the commission. Section 23, art. 9, Const. In the exercise of this power on appeal, it has been declared that the court sits as a legislative body, and exercises a legislative function. *A., T. & S. F. Ry. Co. v. State et al., supra; Prentis*

*et al. v. Atl. Coast Line Co., supra.* The power to exercise this legislative function is conferred upon this court, however, only upon appeal from the Corporation Commission, and the court is without original jurisdiction relative thereto, and the district courts of the state are without such jurisdiction either upon appeal or by original proceedings.

Other questions are presented by counsel for plaintiff in error in their brief for reversal of the court's order; but the views we have already expressed seem to dispose of the case.

The order of the lower court granting the temporary injunction is reversed and set aside, and the cause remanded.

All the Justices concur, except WILLIAMS and DUNN, JJ., absent, and not participating.