**SOUTHERN OIL CORPORATION v. YALE NATURAL GAS CO.**

No. 12207—Opinion Filed Feb. 27, 1923.

Rehearing Denied April 3, 1923.

(Syllabus.)

1. **Gas—Increase of Public Utility Rate Over Contract Rate—Liability of Consumer for Difference.**

Where the Corporation Commission fixed a rate to be charged for natural gas by a public

service corporation which was higher than the rate previously charged a private consumer, and such consumer refused to pay the higher rate, but did pay the rate previously charged, the public service corporation, in the absence of any element of estoppel, may, in an action for that purpose, recover the difference between the previous rate and the rate established by the Corporation Commission.

### 2. Trial—Directing Verdict.

Where there is no conflict in the evidence, and it appears therefrom that the plaintiff is entitled to recover the amount sued for, it is not error for the court to direct a verdict for the plaintiff.

Error from District Court, Payne County: C. C. Smith, Judge.

Action by the Yale National Gas Company against the Southern Oil Corporation for price of gas sold and delivered. Judgment for plaintiff, and defendant brings error. Affirmed.

Rollin E. Gish, for plaintiff in error.

Geo. A. Henshaw and A. Carey Hough, for defendant in error.

NICHOLSON, J. This was an action by the defendant in error, as plaintiff below, against the plaintiff in error, as defendant below, to recover the sum of $12,816.09, with interest thereon, for gas sold and delivered to the defendant by the plaintiff during the months of October, November, and December, 1918, and January, 1919.

Prior to October, 1918, the plaintiff had been selling and delivering gas to the defendant at the rate of six cents per 1,000 cubic feet, but in October, 1918, the Corporation Commission fixed the rate to be charged by the plaintiff at 15 cents per 1,000 cubic feet, and the amount sought to be recovered in this case is the difference between these rates. The case was tried to a jury, and after all the evidence had been introduced the court directed the jury to return a verdict for the plaintiff for the amount sued for, and upon this verdict judgment was duly rendered. It is to reverse this judgment that this proceeding in error was instituted.

The defendant contends that it was entitled to receive and pay for gas at the rate of six cents per 1,000 cubic feet under a contract entered into between it and the plaintiff on January 4, 1916; but this contract has been held invalid in the case of Southern Oil Corporation v. Yale Natural Gas Co., No. 10766 in this court, the opinion in which is handed down this day (89 Okla. 121). So, that question, having been decided adversely to the defendant, is eliminated from consideration here.

The other questions raised here are that the court erred in admitting incompetent and secondary evidence of the amount of gas sold and delivered; in excluding competent testimony offered by the defendant, and in directing a verdict for the plaintiff.

The plaintiff in error has failed to comply with rule No. 26 of this court (47 Okla. x), in that it has not in its brief set out the substance of the testimony of the admission or rejection of which complaint is made. However, we have examined the record and find that the complaint in this regard is without merit. The record discloses that the bills for gas were submitted to the defendant monthly; that they were verified by it, and no complaint was ever made that it had been charged with more gas than it had received; the only complaint made being of the rate charged. The defendant paid the sum of six cents per 1,000 cubic feet for the gas delivered, but refused to pay the nine cents per 1,000 cubic feet, to recover which this action was brought. There is no evidence that the quantity of gas claimed to have been delivered by the plaintiff was not received by the defendant. On the other hand, the evidence on behalf of the plaintiff shows that the amount of gas sued for was delivered to the defendant.

The defendant sought to introduce in evidence a certified copy of an order of dissolution of the Yale Natural Gas Corporation entered in the district court of Tulsa county. This was objected to on various grounds one being that the corporation dissolved was not the plaintiff. The articles of incorporation of the plaintiff which were introduced in evidence showed it to be the Yale Natural Gas Company and its place of business to be in Cushing, while the decree of dissolution pertained to the Yale Natural Gas Corporation. This discrepancy in names rendered the decree of dissolution inadmissible in the absence of a showing that it applied to the plaintiff, and there was no attempt to show that the corporation dissolved was in fact the plaintiff.

There being no conflict in the evidence, and it appearing therefrom that the plaintiff was entitled to judgment for the amount claimed, the court did not err in directing a verdict for the plaintiff.

The judgment of the trial court is correct, and is affirmed.

JOHNSON, V. C. J., and KANE, COCHRAN, and BRANSON, JJ., concur.