## CITY OF POTEAU v. AMERICAN INDIAN OIL & GAS CO. et al.

No. 19720.  Opinion Filed June 7, 1932.

Rehearing Denied Oct. 18, 1932.

Fuller, Porter & Fuller, for plaintiff in error, City of Poteau.

L. A. Rowland, A. Carey Hough, and George A. Henshaw, for defendants in error.

W. D. Humphrey, for defendant in error Geo. F. Collins & Co.

SWINDALL, J. This is an appeal from an order of the Corporation Commission of the state of Oklahoma establishing a rate to be charged the consumers of natural gas for domestic and industrial purposes in the city of Poteau, Okla., and involving certain contracts entered into between consumers and the American Indian Oil & Gas Company, a public utility engaged in the production and distribution of natural gas for domestic and industrial purposes. The company was organized in 1917 and at the time of its organization the Le Flore County Gas & Electric Company, a corporation, was engaged in the production and distribution of gas in the city of Poteau, and was operating under a franchise from the city furnishing gas for 25 cents per 1,000 cubic feet for domestic purposes and a graduated scale with a minimum of five cents per 1,000 cubic feet for industrial purposes. The American Indian Oil & Gas Company after drilling for and discovering gas had no market for its gas and desired to enter the city of Poteau to compete with the Le Flore County Gas & Electric Company in the distribution of gas in the city of Poteau for domestic and industrial purposes. The matter was submitted to popular vote and a franchise was granted to the American Indian Oil & Gas Company wherein that company agreed to at all times and under all circumstances furnish gas for domestic and industrial purposes to the citizens of Poteau at a rate never to exceed the sum of 15 cents per 1,000 cubic feet. In addition to this the company thereafter entered into a number of contracts with industrial plants which located at Poteau on account of their representations as to the volume and inexhaustible supply of gas they had and the rate which they would charge for their gas, and a number of contracts were entered into by the company for the sale of gas which were introduced in evidence upon the trial of this case. Subsequently to this time the American Indian Oil & Gas Company purchased from the Le Flore County Gas & Electric Company at the pipe line of said company at the rate of five cents per 1,000 cubic feet. This gas was conveyed by the Le Flore County Gas & Electric Company to the city of Ft. Smith, Ark., a distance of approximately 30 miles, and sold for 15

cents per 1,000 cubic feet to the distributor, who in turn sold gas to the citizens of that city for 25 cents per 1,000 cubic feet. After acquiring the gas distribution property of its competitor and eliminating any competition in the distribution of gas in the city of Poteau, the American Indian Oil & Gas Company applied to the Corporation Commission of Oklahoma for an increase in its rates, said application being made in the year 1922. About January 1, 1923, a temporary domestic rate of 25 cents per 1,000 cubic feet was agreed upon at a conference held between the citizens of Poteau, representatives of the American Indian Oil & Gas Company, and representatives of the Corporation Commission. On January 14, 1923, at a hearing on the application of the American Company, the Corporation Commission promulgated Order No. 2256, by the terms of which a rate of 20 cents per 1,000 cubic feet for the first 1,000 cubic feet was made effective, and for all gas consumed over 100,000 cubic feet at the rates which were at that time in effect and which had been voluntarily made by the American Company. Subsequent to this time a motion for rehearing was filed and granted by the Corporation Commission. Thereafter, in January, 1924, another application for increase in rates was filed before the Corporation Commission. By agreement between all parties concerned, the two cases were consolidated, and upon a final hearing the Commission promulgated Order No. 2507. An appeal was taken by the American Indian Oil & Gas Company from Order No. 2507, and this court, in April 1925, affirmed the order of the Corporation Commission. American Indian Oil & Gas Company v. Poteau. 108 Okla. 215, 235 P. 906. While this appeal was pending in the Supreme Court of Oklahoma the American Indian Oil & Gas Company filed an action in the United States District Court for the Western District of Oklahoma, seeking to enjoin the Corporation Commission et al. from enforcing Order No. 2507. The United States District Court upon the filing of the complaint granted a temporary restraining order temporarily enjoining the defendants from enforcing said Order No. 2507, and putting into effect temporarily, beginning August 1, 1924, rates as follows:

40 cents per 1,000 cubic feet for first 50 000, 25 cents per 1,000 cubic feet for next 150,000, 20 cents per 1,000 cubic feet for next 300,000, and 10 cents per 1,000 cubic feet for any in excess of 300,000.

The cause in the United States District Court was referred to Paul G. Darrough, as special master, to take testimony and report findings of fact and law and make recommendations. The case was heard at

length before the special master and a voluminous record was made of the testimony, a copy of which report forms a part of the record in this appeal designated as Exhibit "B" and having been introduced in evidence under agreement subject to certain limitations expressed therein. Thereafter the special master made his report consisting of 91 typewritten pages and filed the same in the United States District Court to be considered by the three judges assigned to hear said cause. Thereafter, in the latter part of September, 1927, it having been determined by the three judges assigned to hear said cause in the United States District Court that it was not a case to be decided by three judges, the same was assigned to Judge Woodrough for an opinion, and in September, 1928, Judge Woodrough rendered a memorandum opinion which appears at pages 262-267 of record A in this appeal. In the opinion the United States Court held that the findings made by the special master were substantially correct, but held that the action was prematurely brought and directed that a journal entry be made continuing the restraining order in effect long enough to permit the plaintiff to make a new application to the Commission to fix a new rate in accordance with the changed condition of the company's business, and providing further that after that date the plaintiff's bill be dismissed without costs to either party except the fees of the master and reporter be divided equally to each party. On September 11, 1927, the American Indian Oil & Gas Company filed its application with the Corporation Commission of Oklahoma claiming a three year deficit of $41,485.62, and asking that they be permitted to charge their customers the following rates:

First 50.000 cubic feet 45 cents.
Next 100,000 cubic feet 30 cents.
Next 300,000 cubic feet 25 cents.
Over 500,000 cubic feet 12 cents.

On November 10, 1927, the city of Poteau filed its response to said application, the application and response being set out in the record. After hearing before the Commission on March 13, 1928, it entered an order that the American Indian Oil & Gas Company be and it is hereby authorized to place into effect the following schedule of rates to be charged for natural gas transmitted, sold, and delivered for public consumption in the city of Poteau, Okla., to wit:

For the first 50,000 cubic feet 40 cents per 1,000 cubic feet,
For the next 150,000 cubic feet 25 cents per 1,000 cubic feet,
For the next 300,000 cubic feet 18 cents per 1,000 cubic feet,
All over 500,000 cubic feet 10 cents per 1,000 cubic feet.

From this order the city of Poteau appealed to this court.

The order of the United States District Court was not that the Corporation Commission was to investigate the facts relative to the rate promulgated by Order No. 2507, as the United States District Court had held that such order was confiscatory in its nature and directed the Commission to fix a new rate in accordance with changed conditions of the company's business since the date that the special master reported his findings to the court. We fail to find wherein the Corporation Commission fully investigated conditions after that date to determine a fair, just, and reasonable rate for natural gas used and useful in supplying the city of Poteau at time of inquiry. This was the matter that was left open by the decision of the United States District Court for the Corporation Commission to pass upon.

It was held in Atchison, Topeka & Santa Fe Ry. Co. v. State, 23 Okla. 510, 101 P. 262, that in establishing a rate that the Corporation Commission acts in a legislative capacity and the Supreme Court of the state of Oklahoma in reviewing an order of the Commission establishing a rate in which an appeal has been taken acts in a legislative capacity. This seems to be the well established rule in this court as well as in the United States court. Chicago, Rock Island & Pacific Ry. Co. v. State, 24 Okla. 370, 103 P. 617, 24 L. R. A. (N. S.) 396; Atchison, Topeka & Santa Fe Ry. Co. v. Miller, 28 Okla. 109, 114 P. 1104; Pioneer T. & T. Co. v. Bartlesville, 40 Okla. 583, 139 P. 694. In Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 53 L. Ed. 150, the court holds that the establishment of railway passenger rates by the Virginia State Corporation Commission is not res adjudicata in a suit which seeks injunctive relief on the grounds that the rates are confiscatory, although such Commission for some purposes is a court and acted only after hearing and investigation, since proceedings to establish rates are legislative and not judicial in their nature. And in the recent case of Oklahoma Gas & Electric Company v. Wilson & Company 146 Okla. 272, 288 P. 316), where a similar issue was presented and this court affirmed an order of the Commission, and in a suit in equity commenced in the United States District Court and appealed from the United States District Court, Western District of Oklahoma, the Circuit Court of Appeals, Tenth Circuit, held that the Commission in prescribing rates and regulations for public utilities acts only within powers delegated by the state Constitution, which are legislative, not judicial, and that the Commis-

sion's order requiring gas company to supply gas to industrial consumers at special rate held legislative entitling company to a judicial adjudication in federal court, and reversed and remanded the cause to the district court for trial and judicial determination of the reasonableness of the rate established. 54 Fed. (2d.) 596.

There has been some discussion in this case, and in the companion cases on the contracts, that the decision of this court in 108 Okla. 215, 235 P. 906, was res adjudicata as to the contracts involved in this and companion cases. We cannot agree with this contention. The suit in the United States District Court superseded the order affirmed in American Oil & Gas Co. v. Poteau, supra, and the rate established by the United States District Court relative to domestic and industrial consumers controlled from the time the same was entered until such time as a rate established by the Corporation Commission may become operative.

There is also discussion in the briefs in this case and in the companion cases that the rate fixed in the contracts between the utility company and the industrial consumers are binding and that the same are not disturbed by the decision of the Corporation Commission. Under the Constitution and statutes of this state parties may enter into a contract relative to the rate to be charged by a public utility to a consumer and such contract may be valid and binding until such time as the Corporation Commission is called upon to establish a rate relative to consumers coming within that class, and when a rate is established by the Corporation Commission the terms and provisions of the contract relative to such rate yield to the rate established by the Commission, and we do not mean by this to hold that all contracts entered into between a public utility and a consumer are valid. Some of them may be valid until a rate is established and others may be void from their inception in that they may discriminate between users of gas coming within the same classification. To illustrate, if A. uses 200.000 cubic feet of gas per day and B. uses the same quantity and a public utility should enter into a contract to supply A. gas at four cents per 1,000 cubic feet and charged B. six cents, clearly the contract with A. would be void in its inception as discriminating against another consumer coming within the same class. Such contracts must be just, fair, and reasonable and not discriminating. Southern Oil Corporation v. Yale Natural Gas Co., 89 Okla. 119, 214 P. 135. The primary duty of a public utility is to serve on reasonable

terms all those who desire the services it renders. The burden of proving the value of property of a public utility upon which it is constitutionally entitled to earn a fair return rests upon it, and to justify interference with the action of public officials in fixing a rate the evidence must be clear and convincing. The book value placed by the producer of natural gas upon the property secured and held for that purpose may be accepted as its value for the purpose of rate-making, in the absence of clear and convincing evidence of a higher value. The American Indian Oil & Gas Company purchased from the Le Flore County Gas & Electric Company its entire distribution tance of approximately 30 miles, and sold said plant in gas furnished for the Le Flore County Gas & Electric Company at the pipe line of said company at the rate of five cents per 1,000 cubic feet. This gas was conveyed by the Le Flore County Gas & Electric Company to Ft. Smith, Ark., a distance of approximately 30 miles, and sold for 12 cents per 1,000 cubic feet to the distributor and in turn sold by the distributor to the citizens of that city for 25 cents per 1.000 cubic feet. The record shows that one individual practically controls the American Indian Oil & Gas Company, he also controls the Le Flore County Gas & Electric Company, and operates a smelter in Ft. Smith, Ark., and that it would be to his interest to unduly favor Ft. Smith, Ark., and gas consuming companies in which he is interested. A public service corporation cannot make a rate confiscatory by reducing its net earnings through the device of a contract unduly favoring a subsidiary or a corporation owned by its own stockholders. In proceedings by utility to establish rate. it has burden of establishing value of property used or useful in such service at time of inquiry. United Fuel Gas Company, a Corporation, et al. v. Railroad Commission of Kentucky, 278 U. S. 300, 73 L. Ed. 390. Under the present state of the record in this case we do not think that the Corporation Commission used the proper basis of value in establishing the rate to be charged by the American Indian Oil & Gas Company to the consumer. The American Indian Oil & Gas Company contends that it is entitled to a fair value for the gas which it has captured and has in its possession and a fair income on its investment as a distributing concern. We do not find fault with this contention. but it seems that the Corporation Commission allowed the American Indian Oil & Gas Company to pay to itself eight cents per 1,000 cubic feet for gas and then allowed it to charge as an expense of operating its city plant the amount paid for gas. In selling gas to the

city it was not operating two separate systems, one as a distributing system and the other as a producing system, but operated the entire system as one concern. We think that under the facts and circumstances of this case the property held by the American Indian Oil & Gas Company used and useful in the production of gas should be included in arriving at the value of its property. It also appears that in fixing the rate that the American Indian Oil & Gas Company claimed as a part of its investment capital a large acreage of oil and gas leases which have never been developed. It is not permitted to earn an income on all of the oil and gas leases which it holds and which have never been developed, but it is only entitled to earn a reasonable income on the gas used and useful in supplying the city of Poteau and a reasonable income upon its distributing plant, and in arriving at a reasonable income upon its distributing plant the Commission may take into consideration. the earnings of its gas producing property used and useful in producing natural gas, so long as the producing and distributing property is operated as one concern. It might own enough gas to supply the state of Oklahoma for 50 years, but its rate in the city of Poteau is not based upon that proposition, but is based upon a just, fair, and reasonable income on the property and system used and useful in supplying its gas that is used and useful for a reasonable time in the furnishing gas to and distributing gas in the city seeking to have the rate established. It appears from the record that if it is permitted to sell its gas as a producing concern at eight cents per 1,000 cubic feet, it should then distribute its gas by its distributing system for not exceeding 30 cents per 1,000 cubic feet, which seems to be the rate at which distributing concerns sold gas to domestic consumers at the time of the inquiry and made a reasonable income on their investment in like localities, the rate mentioned being governed by the facts at the time of the hearing. Since the former hearing in this case this court has declared that the rate fixed by the order of the federal court relative to the contracts| with the industrial consumers was the correct rate to be applied (American Indian Oil & Gas Company v. George F. Collins & Co., 157 Okla. 49, 9 P. (2d) 438,) until a fair, just and reasonable rate is fixed by the Commission. Owing to the fact that the Corporation Commission in prescribing rates and regulations for public utilities acts only within the powers delegated by the state Constitution, which are legislative and not judicial, and on appeal from the Corporation Commission the Supreme Court may review an order of the Commission prescribing a schedule of rates or charges to ascertain the reasonableness or justness thereof and if found to be unreasonable and unjust may prescribe a schedule of rates to be enforced in lieu of the rates prescribed by the Commission, we are of the opinion and hold that the rate as fixed by the Corporation Commission on March 13, 1928, according to the facts at time of the inquiry should be for the first 50,000 cubic feet 38 cents per 1,000 cubic feet, for the next 150,000 cubic feet 25 cents per 1,000 cubic feet, for the next 300,000 cubic feet 18 cents per 1,000 cubic feet, and for all over 500,-000 cubic feet ten cents per 1,000 cubic feet, until changed by the Commission based upon a fair, just, and reasonable rate at time of inquiry. Under section 22 of article 9 of the Constitution of Oklahoma, on appeal from the Corporation Commission to the Supreme Court it has jurisdiction to consider and determine the reasonableness and justness of the action of the Commission appealed from as well as any other matter arising under such appeal. Upon such a review the action of the Commission appealed from shall be regarded as prima facie just, reasonable and correct, but the court may when it deems necessary, in the interest of justice, remand to the Commission any case pending on appeal and require the same to be further investigated by the Commission and reported upon to the court before the appeal is finally decided. We have modified the rate by reducing the same from 40 cents to 38 cents for the first 50,-000 cubic feet. Otherwise the order as made by the Commission appears to be in harmony with the facts existing at the time the order was made. However, it has been about five years since the investigation by the special master and by the Commission. We realize that in that period of time many changes may have taken place and owing to the fact that the rate as to the industrial consumers at one time operating under contract have been determined, and taking the many changes in financial conditions and living expenses and the reduction of wages in certain localities into consideration, we are of the opinion that the cause should be remanded to the Corporation Commission to be further investigated by the Commission and reported upon to the court in the event any of the parties concerned desire further investigation of gas rate at this time or within a reasonable time hereafter.

As modified, the order of the Commission establishing a gas rate is held valid, subject to further review in accordance with the views herein expressed.

CLARK, V. C. J., and RILEY, HEFNER,

CULLISON, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and ANDREWS, J., absent.

Note.—See under (1) annotation in 15 L. R. A. 322; 12 R. C. L. 896; R. C. L. Perm. Supp. p. 3206; R. C. L. Pocket Part, title "Gas," § 35. (6) 6 R. C. L. 180; R. C. L. Pocket Part, title "Constitutional Law," § 180.