**CARY v. CORPORATION COMMISSION OF OKLAHOMA et al.**

No. 1626.

District Court, W. D. Oklahoma.

Feb. 9, 1935.

Rainey, Flynn, Green & Anderson and J. B. Dudley, all of Oklahoma City, Okl., for complainant.

Holmes Baldridge, of Oklahoma City, Okl., for Corporation Commission of Oklahoma.

Before McDERMOTT, Circuit Judge, and WILLIAMS and VAUGHT, District Judges.

McDERMOTT, Circuit Judge.

This is a test case to determine whether the courts of the United States have jurisdiction over orders of the Corporation Commission of Oklahoma affecting rates charged by a public utility, since the passage of the Johnson Act of May 14, 1934 (Jud. Code, § 24, 28 USCA § 41 (1), (1a); that is to say, may a "plain" remedy be had in the

courts of such state? The answer depends, as we see it, upon whether such orders may be judicially reviewed in the courts of Oklahoma in the face of the provision of the state constitution hereafter referred to.

Upon oral argument, we are advised that many similar cases await the decision of this one. Counsel join in urging the importance of a speedy decision of the underlying jurisdictional question. The situation is clouded with uncertainty, and until there is an authoritative determination of the matter by the supreme court of Oklahoma, or, lacking that, by the Supreme Court of the United States, the state is hampered in the exercise of its proper powers, and the service which utilities owe to their patrons is impaired because of the doubt of their owners as to their rights.

The bill of complaint, filed July 12, 1934, alleges that on July 19, 1933, the Corporation Commission of Oklahoma made an order reducing the price which plaintiff might charge his patrons for gas from 25 cents to 18 cents per thousand cubic feet; that such order has been affirmed by the supreme court of Oklahoma in pursuance of the legislative power conferred upon it by the state constitution; that such order deprives the plaintiff of his property without due process of law in that the rates prescribed are confiscatory.

As a distinct ground for equitable relief, plaintiff alleges that the order is in conflict with the Fourteenth Amendment to the Constitution of the United States in that no court of the state, acting in a judicial capacity, may inquire into or review the order complained of.

To this bill the defendants filed a motion to dismiss on the ground that this court is without jurisdiction by virtue of the Johnson Act of May 14, 1934, which provides that "no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the enforcement, operation, or execution of any order of an administrative board or commission of a State * * * where such order (1) affects rates chargeable by a public utility * * * where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State." Jud. Code, § 24 (1), 28 USCA § 41 (1).

The constitution of Oklahoma creates a Corporation Commission and clothes it with regulatory power over transportation and transmission companies. Section 20 of article 9 is as follows:

"All appeals from the Commission shall be to the Supreme Court only, and in all appeals to which the State is a party, it shall be represented by the Attorney General or his legally appointed representative. No court of this State (except the Supreme Court, by way of appeals as herein authorized) shall have jurisdiction to review, reverse, correct, or annul any action of the Commission within the scope of its authority, or to suspend or delay the execution or operation thereof, or to enjoin, restrain, or interfere with the Commission in the performance of its official duties: Provided, however, That the writs of mandamus and prohibition shall lie from the Supreme Court to the Commission in all cases where such writs, respectively, would lie to any inferior court or officer."

Section 23 of article 9 reads in part:

"Whenever the court, upon appeal, shall reverse an order of the Commission affecting the rates, charges, or the classifications of traffic of any transportation or transmission company, it shall, at the same time, substitute therefor such orders as, in its opinion, the Commission should have made at the time of entering the order appealed from; otherwise the reversal order shall not be valid. Such substituted order shall have the same force and effect (and none other) as if it had been entered by the Commission at the time the original order appealed from was entered."

Section 35 of article 9 reads:

"After the second Monday in January, nineteen hundred and nine, the Legislature may, by law, from time to time, alter, amend, revise, or repeal sections from eighteen to thirty-four, inclusive, of this article or any of them, or any amendments thereof: Provided, That no amendment made under authority of this section shall contravene the provisions of any part of this Constitution other than the said sections last above referred to or any such amendments thereof."

Section 5 of chapter 93, Session Laws of 1913, extends the jurisdiction of the commission over gas companies, and provides that any utility, "may appeal from any order or finding or judgment of the Corporation Commission as provided by law in cases tried and heard before said Commission of transportation and transmission companies."

It has been repeatedly held by the supreme court of Oklahoma that the power conferred upon the supreme court by the above quoted section 20 is legislative in character. Atchison, T. & S. F. Ry. Co. v.

State, 23 Okl. 510, 101 P. 262; Chicago, R. I. & P. R. Co. v. State, 24 Okl. 370, 103 P. 617, 24 L. R. A. (N. S.) 393; Atchison, T. & S. F. R. Co. v. Miller, 28 Okl. 109, 114 P. 1104; Pioneer Tel. & Teleg. Co. v. City of Bartlesville, 40 Okl. 583, 139 P. 694; City of Poteau v. American Indian Oil & Gas Co., 159 Okl. 240, 18 P.(2d) 523. The federal courts have followed. Oklahoma Natural Gas Co. v. Russell, 261 U. S. 290, 43 S. Ct. 353, 67 L. Ed. 659; Oklahoma Gas & Elec. Co. v. Wilson (C. C. A.) 54 F.(2d) 596.

■ Plaintiff's contention is that the constitution, as construed by the later cases, denies a judicial review in the courts of the state. Defendants argue to the contrary; and also argue that the constitutional review by the supreme court is judicial if it affirms the order, and legislative if it modifies it; and that a legislative review by a court fulfills the requirements of due process.

We take up the two latter contentions first, since they involve federal questions. We cannot agree that a legislative review is all that is required by the federal constitution, for two reasons. First, it has recently been held that Congress has no power to confer upon the Supreme Court of the United States jurisdiction to review administrative or legislative questions, even though such questions were determined by as high a court as the Court of Appeals of the District of Columbia. Federal Radio Commission v. Nelson, 289 U. S. 266, 53 S. Ct. 627, 77 L. Ed. 1166. If the review by the supreme court of Oklahoma is but the last step in the administrative machinery, then plaintiff cannot appeal an adverse ruling to the Supreme Court of the United States, and is thus deprived of the substantial right of a decision on a constitutional question by a federal tribunal. The second reason is even more fundamental. It has been recently reaffirmed that the question of the reasonableness of rate orders "is eminently a question for judicial investigation, requiring due process of law for its determination. If the company is deprived of the power of charging reasonable rates for the use of its property, and such deprivation takes place in the absence of an investigation by judicial machinery, it is deprived of the lawful use of its property, and thus, in substance and effect, of the property itself, without due process of law, and in violation of the constitution of the United States." Southern Railway v. Com. of Vir-

ginia, 290 U. S. 190, 196, 54 S. Ct. 148, 150, 78 L. Ed. 260.

Nor can we accede to the argument that due process is accorded if the review by the supreme court of Oklahoma is construed to be judicial if it affirms the order of the commission, and administrative if it reverses or modifies the order of the commission. The supreme court of Oklahoma has never held that the character of the power conferred by this section is dependent upon the decision eventually rendered in a particular case. If the review is judicial, the parties have a right to introduce evidence in support of their claim of constitutional right. Crowell v. Benson, 285 U. S. 22, 46, 52 S. Ct. 285, 76 L. Ed. 598; Ohio Valley Water Co. v. Ben Avon Borough, 253 U. S. 287, 40 S. Ct. 527, 64 L. Ed. 908. Furthermore, if the hearing is a judicial one, there would be a right of removal to a federal court, if the jurisdictional facts were present, which would not be true if the review is legislative. Ex parte State of Oklahoma (C. C. A. 10) 37 F.(2d) 862. The question of removal must be determined at the outset of the litigation and not at the end of it. A remedy is neither plain, speedy or efficient where a litigant does not know whether he has had a judicial review until he has lost his case.

■ With such consideration as we can give the matter, and at the same time speed it on its way to the supreme court, the controversy seems to simmer down to the question of whether the state of Oklahoma affords a judicial review, in any of its courts, of an order of the Corporation Commission affecting rates for the transportation and sale of gas. The final determination of this question rests with the supreme court of Oklahoma, and with no other court. The courts of the United States will construe the laws of a state in advance of a construction by its own courts if absolutely necessary in the discharge of their responsibilities; it is a task which they approach with reluctance, for there is no finality to their construction of state laws. The task is a delicate one, to be avoided if consistent with the due discharge of our duty; to be deprecated if it cannot be avoided.

■ Counsel for defendants point to two decisions of the supreme court of Oklahoma which have clearly and definitely decided that the *legislature* of Oklahoma cannot confer upon the supreme court of Oklahoma legislative powers. Sterling Refining Co. v. Walker, 165 Okl. 45, 25 P.(2d) 312; In re

Assessment of Kansas City Southern Ry. Co., 168 Okl. 495, 33 P.(2d) 772. Those cases hold that where a *statute* confers upon the supreme court the power to affirm, set aside, or modify an order of an administrative body, the statute is invalid in so far as it undertakes to confer upon the court the power to modify, but valid in so far as it authorizes the court to affirm or set aside the order; and that in so far the review is judicial.

It is contended that the power to review orders of the commission in gas cases is found in a statute, towit, section 5, c. 93, Session Laws of 1913. But the plaintiff responds that the 1913 act is a part of the constitution itself by virtue of section 35, art. 9 of the Constitution which authorizes the legislature to amend sections 18 to 34 of article 9 thereof, since that act simply extends the jurisdiction of the Corporation Commission conferred by section 34, art. 9, over gas companies. That question has not been presented to the supreme court of Oklahoma, and its decision thereon will be final. If the argument is sound, then the Sterling Refining Company Case and the Assessment of Kansas City Southern Ry. Co. Case are not in point, for neither of those cases affects rates or charges of a transportation or transmission company, concerning which the supreme court of Oklahoma was granted power by the constitution itself. Plaintiff further points out that if the 1913 statute contravenes the constitution, the power to make any order as to gas rates falls, which would be true unless the Oklahoma court holds the act to be separable.

The chief reliance of counsel for defendants is upon the decision of the supreme court of Oklahoma in Pioneer Tel. & Teleg. Co. v. State, 40 Okl. 417, 138 P. 1033, on rehearing, 138 P. 1037. In that case, the supreme court of Oklahoma dealt with the apparent conflict between the bill of rights and section 20, art. 9 above quoted. In a well-considered opinion, the supreme court of Oklahoma held that the courts of the state were clothed with power to hear the complaint of any citizen that an order of the Corporation Commission deprived him of his property without due process of law; and that unless such is true, then the whole constitutional plan of utility control falls for lack of judicial review. That case has never been overruled in terms; if it is the law of Oklahoma today, as contended by counsel for the state, then it is conceded that this court is without jurisdiction to entertain the bill of complaint.

Plaintiff, on the other hand, points to the specific provisions of section 20, art. 9 of the Constitution above referred to, which in terms denies to any court of the state jurisdiction to review an order of the Corporation Commission, save only the legislative review provided for in the constitution itself. Counsel furthermore point to the very recent case of Swain v. Oklahoma Ry. Co., 168 Okl. 133, 32 P.(2d) 51, holding that no court has power to review an order of the Corporation Commission except within the narrow limits of section 23 of article 9. Other decisions, to the same general effect, are cited.

These diametrically opposed positions are maintained with great earnestness, by counsel for the parties, all of whom have had wide experience with the review of orders of the Corporation Commission. That the question is a vexed one, much controverted at the bar and the trial courts of the state, is within our judicial knowledge. In a case decided before the Swain Case, the learned judge of a district court of Oklahoma County found that he had power to afford a judicial review; other district courts, we are advised, have held the contrary.

The majority of this court express no opinion upon the question, for an examination of the cases has left us in grave doubt. There is much to be said upon both sides of the question, in the present state of the decisions. The reasoning of the court in the Pioneer Case is strong and persuasive; it has never been expressly overruled. Under that opinion, there may be a judicial review of the orders of the Corporation Commission, which the Supreme Court of the United States has repeatedly held is necessary in order to give constitutional validity to the order of a commission or board. On the other hand, the most recent opinion of the supreme court of the state has stated the other view.

The Johnson Act (Jud. Code § 24 (1), 28 USCA § 41 (1) deprives the United States courts of jurisdiction of controversies of this type only "where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State." This court is unanimous in its opinion that whatever may be the eventual decision of the question so vigorously argued, it cannot now be said that there is a "plain" remedy in the courts of the state.

We conclude, therefore, that until the supreme court of Oklahoma determines that the laws of the state afford a judicial review in some state court of an order of the Corporation Commission affecting rates chargeable by a public utility, this court is not deprived of jurisdiction by the Johnson Act.

A balancing of the equities persuades us that the status quo should be preserved pending an appeal from this decision. If we are wrong, no substantial harm is done by granting the order, for the order will be conditioned upon the giving of a bond to repay the patrons the difference between the rate charged and the rate prescribed by the Corporation Commission if it should eventually be held to be valid. If the injunction should be now denied, and we should be wrong in this opinion, then the loss suffered by the plaintiff is irreparable, for it could never recover the losses incurred by virtue of an invalid order.

Upon the oral argument, the court inquired whether any case was pending in the supreme court of Oklahoma, in which the question might be shortly decided. If there is such a case, and if a decision thereon is had pending the decision of this controversy, it may be called to the attention of this court, or the supreme court if then on appeal, immediately, and appropriate action taken.

 One word may be said as to the contention of the plaintiff that he is entitled to a permanent injunction if it is determined that no judicial review is afforded by the courts of the state. It has been several times decided that unless the state law provides a fair opportunity for submitting to a judicial tribunal the question of whether a rate order is confiscatory, the order is void. Ohio Valley Water Co. v. Ben Avon Borough, 253 U. S. 287, 40 S. Ct. 527, 64 L. Ed. 908; State of Missouri v. Chicago, B. & Q. R. Co., 241 U. S. 533, 542, 36 S. Ct. 715, 60 L. Ed. 1148; Central Kentucky Natural Gas Co. v. Railroad Commission (D. C.) 37 F.(2d) 938; Western Distributing Co. v. Public Service Commission (D. C.) 58 F. (2d) 239. But courts do not decide abstract questions. Before a plaintiff may invoke the jurisdiction of a court of equity, it must disclose that the order complained of affects the plaintiff injuriously. The plaintiff has so alleged in his bill, and that allegation is put in issue by the answer. If, pending a decision on the appeal from the order allowing the temporary injunction, the parties desire to proceed to a hearing on the issues of fact raised by the pleadings, this court will, upon suggestion thereof, appoint a master to take the proofs, since it would be manifestly impossible for the judges to take time from the pressing business of other litigants to hear the evidence in a protracted rate case.

The temporary injunction, conditioned upon the giving of a bond in such sum as may be adequate to protect the rights of patrons pending the appeal, will be issued. The motion to dismiss will be denied. Let the orders be prepared without delay.

WILLIAMS, District Judge (concurring).

In Oklahoma Natural Gas Company v. Russell, Corporation Commission of the State of Oklahoma et al., 261 U. S. 290, 43 S. Ct. 353, 67 L. Ed. 659, Mr. Justice Holmes, delivering the opinion of the court, said: "The plaintiffs are corporations organized under the laws of Oklahoma and furnish natural gas to consumers in that State, at rates established by the Corporation Commission. They applied to the Commission for higher rates but were denied an advance. The Constitution of Oklahoma, admitted to be like that of Virginia dealt with in Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 29 S. Ct. 67, 53 L. Ed. 150, gives an appeal to the Supreme Court of the State, acting in a legislative capacity as explained in the case cited, with power to substitute a different order and to grant a supersedeas in the meantime. Appeals were taken to the Supreme Court and supersedeas was applied for but refused. The appeals are still not decided. After the plaintiffs had been denied a supersedeas by the Supreme Court, they filed these bills alleging that the present rates are confiscatory, setting up their constitutional rights and asking preliminary injunctions, and permanent injunctions unless the Supreme Court should allow adequate rates. Applications for temporary injunctions supported by evidence were heard by three judges but were denied by the majority on the authority of the Prentis Case. * * *

"Coming to the principal question, if the plaintiffs respectively can make out their case, as must be assumed for present purposes, they are suffering daily from confiscation under the rate to which they now are limited. They have done all that they can under the state law to get relief and cannot get it. If the Supreme Court of the State hereafter shall change the rate, even nunc

pro tunc, the plaintiffs will have no adequate remedy for what they may have lost before the Court shall have acted. * * *

"As in our opinion the District Court had jurisdiction and a duty to try the question whether preliminary injunctions should issue, and as that question has not yet been considered, the cases should be remanded to that Court with directions to proceed to the trial. * * *"

In Southern Oil Corp. v. Yale Natural Gas Co., 89 Okl. 121, 214 P. 131, 134, it is said: "Under the constitutional authority thus conferred, the Legislature by chapter 93, Session Laws 1913, extended the jurisdiction of the Corporation Commission, so as to include public utilities other than transportation and transmission companies. By this act the Corporation Commission was vested with the power to fix and establish the rates to be charged by public utilities for the commodity furnished by them, and the defendant falls squarely within the term 'public utility,' as defined by said act. So that by these constitutional and statutory provisions the power to fix the rates to be charged by the defendant was reserved to the state, acting by and through the Corporation Commission, and by section 7, art. 18, of the Constitution, this power could not be surrendered."

In said opinion it is further stated: "The sufficiency of the showing made to sustain such order and the reasonableness and justness of the action of the commission could only be questioned by appeal from the order of the commission to the Supreme Court.

"By section 20, art. 9, of the Constitution, it is provided that no court of the state (except the Supreme Court on appeal) shall have jurisdiction to review, reverse, correct, or annul any action of the commission within the scope of its authority. Therefore the [district] court was without jurisdiction to review the action of the commission of October, 1918."

The District Court in correcting the action of the commission, by substitution or otherwise, would sit in like capacity, in legislative and administrative way, which it is not permitted to do, but to review for the purpose of anulling said act would exercise a power in a judicial capacity, thereby affording a judicial review.

The Supreme Court of Oklahoma in Pioneer Telephone & Telegraph Co. v. State, 40 Okl. 417, 138 P. 1033, 1036, held that: "The Supreme Court of this state, when exercising the authority granted it by said provision of said section 20 [article 9], sits in a legislative or administrative capacity. Said provision must be construed as applying to courts in this state, when by special grant of authority by the Constitution they sit in a like capacity."

And held: "By virtue of section 6 of the Bill of Rights [article 2], the direct proceeding in a court exercising equity powers in the district and superior courts of this state was available to appellant to challenge the validity of the order."

That holding was adhered to on rehearing, the original opinion having been filed on January 13, 1914, and on rehearing February 24, 1914, the original conclusion being adhered to by unanimous action of the court. It had prior to that time been held by both the Supreme Court and the Criminal Court of Appeals of the state that section 6, art. 2, of the Bill of Rights, was self-executing. The opinion of the court in Pioneer Telephone & Telegraph Co. v. State, supra, in unequivocal and plain language holds that a judicial review in accord with the requirement of the Fourteenth Amendment to the Federal Constitution is available. In Southern Oil Corp. v. Yale Natural Gas Co., supra, it seems to have departed from the ruling in the case of Pioneer Telephone & Telegraph Co. v. State, supra, without referring to same. In the case of Sterling Refining Co. v. Walker, 165 Okl. 45, 25 P.(2d) 312, and In re Assessment of Kansas City Southern Ry. Co., 168 Okl. 495, 33 P.(2d) 772, the question of fixing rates was not involved. In the former enforcement by said commission of the oil and gas Conservation Act was challenged, and in the latter the question as to proper assessment of taxes involved. In Swain v. Oklahoma Railway Co., 168 Okl. 133, 32 P.(2d) 51, 53, rates fixed by the Corporation Commission to be charged by a street railway company were involved, wherein the court said: "We therefore conclude that the exclusive authority to fix rates of fares to be charged by street railway companies is in the Corporation Commission, that its order fixing such rate of fare may be challenged or attacked by appeal to this court, but that such order may not be reviewed or annulled by the district court; that the petition of the plaintiff in the district court for injunctive relief against the order of the Corporation Commission or to restrain the street railway company from complying with the Corporation Commission's order did not state facts sufficient to constitute a cause of action or to entitle

plaintiff to any relief by injunction in that court, and that the defendant's demurrer thereto was properly sustained by the trial court."

In view of the fact that the Congress of the United States has passed the Johnson Act, taking away from the District Courts of the United States jurisdiction to grant relief against rates fixed to be charged by transportation utilities, on the ground of confiscation of property or violation of the Fourteenth Amendment when a plain remedy by judicial review is afforded in the state courts, it is to be regretted that the decisions of the Supreme Court of the state have left the question in such a condition as to whether the courts of the state of Oklahoma afford a plain remedy to the utility or transportation companies claiming they have suffered such a wrong.

In Pioneer Telephone & Telegraph Co. v. State, supra, the Supreme Court of Oklahoma, which seems to have been departed from, with great care reviewed these questions following settled rules of construction which left sections 18 to 34, inclusive, of article 9 of the Constitution, relative to the state Corporation Commission conforming to the provisions of the Federal Constitution, and so that said commission could function as intended by the framers of the State Constitution, at the same time the provisions of the Constitution affording due process of law as contemplated by the Fourteenth Amendment.

I therefore concur in the opinion of Circuit Judge McDERMOTT.