THE TEXAS & PACIFIC MOTOR TRANSPORT COMPANY ET AL. V. RAILROAD COMMISSION OF TEXAS ET AL.

No. 6480. Decided June 30, 1934.
Motion for Rehearing Overruled November 28, 1934.
(73 S. W., 2d Series, 509.)

*Andrews, Kelly, Kurth & Campbell,* of Houston, and *T. D. Gresham, R. S. Shapard, Chas. M. Spence, Herbert L. Smith,* and *M. E. Clinton,* all of Dallas, for plaintiffs in error.

Inasmuch as the appellee was not, on the effective date of Chapter 277 of the General Laws of the 42nd Legislature, Regular Session, operating lawfully under his certificate of public

convenience and necessity, the new certificate issued to him under section 5 thereof was erroneously and unlawfully issued and constitutes no valid authority for appellee's operations. It should be cancelled and operation thereunder perpetually enjoined. Texas Motor Coaches v. Railroad Commission, 41 S. W. (2d) 1074 (Civ. App.); Railroad Commission of Texas v. Rau, 45 S. W. (2d) 413 (Civ. App., writ dismissed); Denver and R. G. W. Ry. Co. v. Linck, 56 Fed. (2d) 957; Ex parte Jones, 160 So. Car., 63, 158 S. E., 134; Ohio Automatic Sprinkler Co. v. Fender, 108 Ohio St., 149, 141 N. E., 269; McDonnell v. Murnan Ship Building Corp., 210 Ala., 611, 98 So., 887.

*James V. Allred*, Attorney General, *T. S. Christopher*, Assistant Attorney General, for defendants in error.

Unless the plaintiff's petition on appeal to the district court from an order of the Railroad Commission alleges that the Commission has (1) exceeded the authority given it under the statute, (2) has made the order without any evidence to support it or, (3) that the law is itself unconstitutional, the petition fails to show a cause of action and a general demurrer should be sustained. Detroit & M. Ry. Co. v. Michigan R. R. Com., 235 U. S., 402, 35 Sup. Ct., 126, 59 L. Ed., 280; Interstate Com. Com. v. Union Pac. Ry. Co., 222 U. S. 541, 56 L. Ed., 308; Railroad Com. v. Rau, 45 S. W. (2d) 413; States Public Utility Com. v. Springfield Gas & Elec. Co., 291 Ill., 209, 125 N. E., 891; West v. City of Waco, 116 Texas, 472, 294 S. W. 832.

MR. JUSTICE PIERSON delivered the opinion of the court.

In April, 1931, T. M. Winkle became the owner of a certificate of public convenience and necessity authorizing him to operate as a common carrier of freight between the cities of Henderson and Dallas on a schedule of three round trips per week. He operated six round trips per week from the time he became owner of the certificate until sometime in February, 1932. In October, 1931, he filed an application with the Railroad Commission for authority to operate six round trips instead of the three authorized by the certificate he held. A hearing was held in January, 1932, at which the application was denied. On this hearing Winkle testified that he had been operating six round trips weekly. Winkle attacked the order of the Commission in the District Court, which set aside the order of the Commission, which denied him the authority to operate six round trips, but the Court of Civil Appeals reversed the action of the trial court and upheld the order of the Commission. 57 S. W. (2d) 285.

On June 6, 1931, Chapter 277, Acts of the 42d Legislature, p. 480, became effective, which superseded or amended the former Chapter 314 of the 41st Legislature, and which prohibited, like the former act, operations of motor vehicles as common carriers for hire over the highways of this State without first obtaining a certificate of convenience and necessity to do so; but Section 5 of the Act (Vernon's Ann. Civ. St., Art. 911b, Sec. 5) reads as follows:

"No motor carrier shall hereafter operate as a common carrier for the transportation of property for compensation or hire over the public highways of this State without having first obtained from the Commission under the provisions of this Act a certificate declaring that the public convenience and necessity requires such operating; provided, however, the Commission shall, without application or hearing when this Act goes into effect, issue all motor carriers then operating lawfully under permanent certificates of public convenience and necessity heretofore issued to them, certificates in lieu of the certificates issued under the terms of the former law covering the same routes that said common carrier shall have been operating over, and no more."

On March 29, 1932, certain common carriers, competitors of Winkle, filed with the Railroad Commission a motion to revoke and cancel his certificate on the ground that prior to and subsequent to the effective date of Chapter 277 of the Acts of the 42d Legislature he had operated contrary to the terms of his certificate; that, therefore, he was not on the effective date of said Act operating lawfully within the meaning of Section 5 thereof; and that, therefore, his certificate issued pursuant to that section was erroneously and invalidly issued, and was void. The Commission refused to revoke or cancel the certificate, but did enter an order suspending it for 90 days. These competitors of Winkle, plaintiffs in error here, filed a suit in the District Court of Travis County to set aside the order of the Railroad Commission, in so far as it failed to revoke and cancel Winkle's certificate. Winkle filed suit in the same court to set aside the suspension order and enjoin the Commission from suspending his certificate for 90 days. The two cases were consolidated on motion of the Railroad Commission. The trial court entered judgment setting aside the Commission's order suspending the certificate and enjoining the Commission from interfering with Winkle's operation.

On the appeal to the Court of Civil Appeals, the Attorney General stated on oral argument for the Railroad Commission

that he did not care to further prosecute the ninety-day suspension order against Winkle. The Court of Civil Appeals therefore affirmed the judgment of the trial court in respect to that order, and in addition affirmed the judgment of the trial court in refusing to enjoin operation by Winkle in the suit brought by plaintiffs in error. 57 S. W. (2d) 287. From the latter judgment The Texas & Pacific Motor Transport Company and the Missouri Pacific Transportation Company prosecuted writ of error to this court.

Judge Blair in his opinion (57 S. W. (2d), at p. 289), construes the Act to mean that the Commission must issue the new certificates to all holders of certificates under the old law. He says:

"We think that since the act provided that no hearing was to be had, that 'operating lawfully' meant that one who was operating under a certificate duly issued by the Commission was a lawful operator so as to entitle him to the issuance of the new certificate as provided by the act. The section provides that the commission may summarily without hearing issue such permit; and, of course, under that circumstance it could not ascertain whether an operator was violating any of the terms of his permit, and shows that the Legislature intended to grant all who had outstanding certificates the right to continue operations."

He then says that Section 12 of the Act provides that such new certificates may be revoked, suspended, or amended by the Commission, on a showing that the holder has violated the orders or regulations of the Commission. If we adopt such a construction, which seems reasonable enough, then the ruling in the Shupee Case (Shupee v. Railroad Commission of Texas, opinion delivered today, 123 Texas, 521) would be applicable, that the order or ruling of the Commission should only be set aside by the court where the commission acted arbitrarily, unreasonably, or unlawfully, Section 12 does not make revocation of the certificate mandatory where rules or regulations of the Commission have been violated, but only says, "The Commission at any time after hearing had * * * may by its order revoke, suspend, or amend any certificate issued under the provisions of this Act." * * *

While Section 5 of Chapter 277 of the Acts of the 42d Legislature provided that the Commission should issue new certificates to carriers operating lawfully without application or hearing, this should not be construed to mean that the Com-

mission could not issue new certificates to those operating contrary to the terms of and in excess of the authority granted to them by their certificates *after application and hearing,* in the same manner as is provided by other sections of the same Act for applicants, not previously holding certificates. We believe that the proceedings before the Commission on the motion of plaintiffs in error to cancel or revoke Winkle's certificate were substantially such proceedings. Under the facts of the case we cannot say that the Commission acted unlawfully in refusing to cancel or revoke Winkle's certificate, and under the holding in the Shupee Case the order of the Commission must be sustained.

Since it has not been shown that the Commission abused the discretion vested in it under the law, we must uphold its act in refusing to cancel or revoke Winkle's permit.

The judgments of the District Court and of the Court of Civil Appeals are affirmed.