### HUMBLE OIL & REFINING CO. v. RAILROAD COMMISSION et al.

No. 8539.

Court of Civil Appeals of Texas. Austin.

May 26, 1937.

Rehearing Denied Jan. 19, 1938.

E. E. Townes, Rex G. Baker, and R. E. Seagler, all of Houston, and Powell, Wirtz, Rauhut & Gideon, of Austin, for appellant.

Wm. McCraw, Atty. Gen., and Harry S. Pollard and T. F. Morrow, Assts. Atty. Gen., for appellee Railroad Commission of Texas.

J. W. Wheeler, of Austin, and Hamilton, Hamilton & Turner, of Dallas, for appellees Mrs. Gladys McCook, C. H. Brown, and O. C. Fisher.

BLAIR, Justice.

This is the second appeal of the Brown Case; a rule 37 case. The first appeal was from an interlocutory order denying a temporary injunction to restrain the drilling and operation of an oil well on a 1½-acre tract of land in the East Texas Oil Field, which was subdivided from a 3-acre tract; a well having been drilled on the other 1½ acres of the 3-acre tract; and this court and the Supreme Court held that the court abused its discretion in not granting the temporary injunction, because a voluntary subdivision of a tract of land will not entitle the owner of a subdivided portion as a matter of right to a permit to drill an oil well under the exception to rule 37, which allows closer spacing of wells than is generally prescribed, in order to protect vested rights. Tex.Civ.App., 68 S.W.2d 622, affirmed Brown v. Humble Oil & Refining Co., 126 Tex. 296, 83 S.W.2d 935, 944, 87 S.W.2d 1069, 99 A.L.R. 1107, 101 A.L.R. 1393.

In remanding the case, the Supreme Court further stated: "It is contended that no evidence was introduced at the hearing before the Railroad Commission showing that the drilling of a second well on the 3 acres was necessary to prevent waste, and no claim to that effect was made; and the Railroad Commission did not grant the permit for the second well on that theory, but on the recited ground of protecting vested rights."

No evidence was introduced by appellees on the hearing for the temporary injunc-

tion, but they relied upon the failure of appellant to make a case for a temporary injunction. However, on the second trial from which this appeal is prosecuted, appellees pleaded and proved facts which show that the second well on the 3-acre tract was necessary both to prevent confiscation and to prevent waste of oil in and under said tract; and the sole question on this appeal is whether there is any substantial evidence to sustain the findings of the commission that the well was necessary on either of these grounds.

Before the second trial all parties repleaded, either in whole or in part, and the pleadings of Humble Oil & Refining Company material here contained the usual allegations of alleged waste caused by density of drilling; that the 3-acre tract was not suffering any drainage or confiscation of oil; that the well in question was not necessary to protect vested rights, nor to prevent waste of oil in or under the 3-acre tract; and that the order granting the permit was therefore arbitrary, unjust, and unreasonable; and that the permit should be canceled, and production of oil from the well should be perpetually enjoined. By amended answers, appellees Railroad Commission, C. H. Brown, owner of the east 1½ acres of the 3-acre tract, and Mrs. McCook, as guardian of Dora May Johnson, a minor and owner of the west 1½ acres of the 3-acre tract and applicant for the permit in suit, alleged in substance that the permit to drill the second well on the 3-acre tract was granted after notice and a full and complete hearing at which the owners of each of the 1½-acre tracts and all adjacent fee and lease owners were present, and was granted upon facts showing that the second well was necessary in order to prevent confiscation of property and to prevent needless waste and dissipation of oil and gas situated and lying in the oil sands beneath or under the 3-acre tract of land, which would not be recovered either by the well already drilled on the 3-acre tract, nor by any wells drilled on any adjacent tract of land.

The jury found in answer to special issues that the well in question was necessary as of April 21, 1933, the date of the permit, in order to prevent waste of oil and gas under the 3-acre tract, and in order to give the owners of the leases on the 3-acre tract an opportunity to recover oil equivalent to the amount of recoverable oil in place under said 3-acre tract. Accordingly, judgment was rendered validating or upholding the permit and refusing to perpetually enjoin the drilling and production of oil from said well. From this judgment the Humble Oil & Refining Company has prosecuted this appeal.

If any jury questions were presented, the evidence fully supports the above findings.

Appellant Humble Oil & Refining Company acquired an oil and gas lease on 47/48 interest in 102-acre tract of land in Gregg and Upshur counties; in 1931 Dora May Johnson, a minor, owned a 1/48 interest, subject to the life estate of her mother, Mrs. McCook. By a partition decree of the district court of Gregg county, in a suit by the minor against the appellant Humble Oil & Refining Company, the 3-acre tract in question was set aside to the minor, after the Humble Oil & Refining Company had produced from said 102-acre tract, which included the 3 acres, more than 137,000 barrels of oil. With the approval of the probate court, the guardian, appellee Mrs. McCook, executed a contract conveying to the attorneys who had represented the minor in the partition suit a one-half interest in the 3-acre tract, as compensation for their services in the partition suit; and on the date of this conveyance, December 10, 1932, the attorneys conveyed the 1½ acres to C. H. Brown, who on December 22, 1932, entered into a drilling contract with O. C. Fisher to drill a well thereon. After several protests and suits and other proceedings not necessary to mention here, this well was drilled on the east 1½ acres, before Mrs. McCook applied on April 10, 1933, for a permit to drill well in suit on the west 1½ acres of said 3-acre tract, which permit was granted on April 21, 1933, after full notice and hearing, at which all parties owning any interest in the 3-acre tract and all adjacent landowners and lessees had been given notice and were present. The commission granted the permit, as shown by their pleadings and evidence on this trial, in order to protect vested rights and to prevent confiscation of oil, and to prevent waste of oil underneath said 3-acre tract. On the hearing for the well on the second 1½-acre tract, the commission required all parties interested therein to be served with notice; and all such parties were present and acquiesced in the order of the commission granting the second permit. The entire transcript of the record made in granting the permit to drill

the first well on the 3-acre tract was introduced in evidence on the hearing for the permit to drill the second well. The evidence was confined on the issues submitted to conditions existing at the date the permit for the second well was granted. Employees of the commission and expert witnesses testified to the existing conditions, and that if the second well on the 3-acre tract were not granted and the well allowed to produce oil, there would be left more than 34,000 barrels of oil in place underneath the 3-acre tract which would never be recovered by any one. They also testified that the second well was necessary in order to prevent undue drainage of oil from the 3-acre tract.

Briefly summarized, the uncontradicted evidence showed that the Railroad Commission, before granting the permit attacked in this suit, gave due and proper notice to all adjacent lease holders and other interested parties; that a full and complete hearing was duly and regularly held, at which all parties were present and at which all interested parties appeared and offered maps and plats of the 3-acre tract and all leases adjoining same, such maps and plats showing the location and situation of the adjoining leases and wells thereon; and the entire transcript of the proceedings on the application for the first permit was also introduced in evidence on the hearing for the second permit, and much more data from which the commission could draw its own factual conclusions as to the necessity of granting a permit to drill the second well on the 3-acre tract to prevent confiscation and to prevent waste of oil.

On the court review of the action of the commission in granting the permit, the evidence also affirmatively showed that the second well on said 3-acre tract was necessary in order to prevent waste; it having been affirmatively testified to by experts of the oil industry that if the second well on the 3-acre tract were not allowed to produce oil as and from the date of the permit, that there would be left more than 34,000 barrels of oil in place underneath the 3-acre tract which would never be recovered by the owners of the 3-acre tract, nor by any lease owner.

 Section 8 of article 6049c, Vernon's Texas Statutes, 1936, provides for an appeal to the district court of Travis county, Tex., from the orders, rules, and regulations of the Railroad Commission touching conservation matters. Clearly, under this statute, when the appeal is from an order of the Railroad Commission granting or refusing a permit to drill an oil well as an exception to rule 37, the trial in the district court must be confined to the question as to whether or not the commission acted unreasonably, arbitrarily, or unjustly. The court is not a regulatory body, and cannot act as such. It merely reviews the action of the commission, and, if upon the trial in the district court it appears that the commission's action is sustained by substantial probative evidence, then the action of the commission should not be overturned. The cases from all jurisdictions construing similar appeal statutes are uniform on the proposition that the judicial branch of the government cannot exercise administrative or legislative powers and functions. The scope and extent of a court review of an order of a public administrative board or commission is well stated in the recent case of New York, C. & St. L. R. Co. v. Singleton, 207 Ind. 449, 190 N.E. 761, 764, as follows: "The burden was upon appellant to show that the determination and order of the Public Service Commission was unreasonable or unlawful; and before a court can say that a determination or order is unreasonable it must appear that there was no substantial evidence to support the findings of fact upon which the determination or order rested. If there is substantial evidence to support the findings, and if the determination or order is one which the commission has the power to make, in view of the findings, courts must uphold it."

The reason for the limitation upon the power of the court to review the findings or orders of an administrative board or commission is well stated by Mr. Justice Brandeis in the case of Great Northern Ry. Co. v. Merchants' Elevator Co., 259 U.S. 285, 42 S.Ct. 477, 479, 66 L.Ed. 943, as follows: "To determine what rate, rule or practice shall be deemed reasonable for the future is a legislative or administrative function. To determine whether a shipper has in the past been wronged by the exaction of an unreasonable or discriminatory rate is a judicial function. Preliminary resort to the Commission is required alike in the two classes of cases. It is required because the inquiry is essentially one of fact and of discretion in technical matters; and uniformity can be secured only if its determination is left to the Commission. Moreover, that determination is reached ordinarily upon

voluminous and conflicting evidence, for the adequate appreciation of which acquaintance with many intricate facts of transportation is indispensable, and such acquaintance is commonly to be found only in a body of experts."

A particularly well-considered case construing an appeal statute similar to ours is the case of United Fuel Gas Co. v. Public Service Comm., 73 W.Va. 571, 80 S.E. 931, 935, Id., 103 W.Va. 306, 138 S.E. 388, 52 A.L.R. 1104, wherein it was held as follows: "But we cannot construe the statute as intended to give us the power and authority to substitute our judgment for that of the Commission, in a matter purely legislative or administrative. Such a construction would practically emasculate the statute and rob it and the Commission of their proper authority and jurisdiction."

And in concluding, the court further held: "In this case petitioner cannot invoke the due process provision of the federal Constitution, nor that provision entitling it to the equal protection of the law. It has had a full hearing before the Public Service Commission upon notice, and has now had upon its own petition a full judicial hearing in this court upon the record made by it before the Commission, and upon all the legal questions presented. All this satisfies the supremest demands of the federal Constitution. Louisville & Nashville R. Co. v. Garrett, supra [231 U.S. 298, 34 S.Ct. 48, 58 L.Ed. 229], and authorities cited."

Among the many decisions of the Supreme Court of the United States similarly defining the scope and extent of a court review of an order, rate, or rule of a public administrative board or commission, are the following: People of New York ex rel. New York & Queens Gas Co. v. McCall, 245 U.S. 345, 38 S.Ct. 122, 62 L.Ed. 337; Lehigh Valley R. R. Co. v. Commissioners, 278 U.S. 24, 36-41, 49 S. Ct. 69, 73, 74, 73 L.Ed. 161, 62 A.L.R. 805; Ohio Valley Water Co. v. Ben Avon Borough et al., 253 U.S. 287, 40 S.Ct. 527, 64 L.Ed. 908; Southern Ry. Co. v. Virginia, 290 U.S. 190, 54 S.Ct. 148, 78 L.Ed. 260; Federal Radio Comm. v. Nelson Bros. Bond & Mortg. Co., 289 U.S. 266, 53 S.Ct. 627, 77 L.Ed. 1166, 89 A.L.R. 406.

The Texas courts have consistently held that the only issue in a court review of the action of the commission in making administrative orders, rules, and regulations, is to determine whether there is any substantial evidence to support the order, rule, or regulation of the commission. It is a familiar rule of law that a jury's finding of fact is not reviewable in a direct proceeding on appeal, unless it is unsupported by evidence. The same is true of orders and findings of fact by a regulatory board or commission. The decision of such a board has at least as high standing in regard to finality as a verdict or finding of a jury. Texas Juris, Vol. 3, p. 1088 et seq. Such has been the uniform holding of our courts with reference to valuations found by tax and equalization boards; to orders, rules, and regulations made by the state superintendent of public schools; with regard to the granting or refusing of a permit of convenience and necessity to operate buses and trucks; and with regard to the rates of railroad companies and public utility companies. Duck v. Peeler, 74 Tex. 268, 11 S.W. 1111; Railroad Comm. v. Shupee, Tex.Civ.App., 57 S.W.2d 295, affirmed Texas & Pacific Motor Transp. Co. v. Railroad Comm., 124 Tex. 126, 73 S.W.2d 509; State v. Lone Star Gas Co., Tex. Civ.App., 86 S.W.2d 484; Railroad Comm. v. Lamb, Tex.Civ.App., 81 S.W.2d 161; Producers' Refining Co. v. Missouri, K. & T. Ry. Co., Tex.Com.App., 13 S.W. 2d 679. The Texas courts have also uniformly held that it is the peculiar function of the commission to determine from the facts and its rules and regulations whether a permit should be granted to drill an oil well as an exception to rule 37, in order to prevent confiscation of property, or to prevent waste.

This is in accord with the often-repeated rule that any order of the commission as to any matter within its jurisdiction shall be accepted under statutory provision as prima facie evidence of its validity. This means that when the order is challenged, the court will presume it to be valid and will sustain it, unless the evidence clearly shows it to be unreasonable and unjust. The mere fact that the order in question may be unwise will not warrant a court in striking it down, so long as it is based on any substantial evidence. Brown v. Humble Oil & Ref. Co., 126 Tex. 296, 83 S.W.2d 935, 87 S.W.2d 1069, 99 A.L.R. 1107, 101 A.L.R. 1393; Rabbit Creek Oil Co. v. Shell Pet. Corp., Tex.Civ.App., 66 S.W.2d 737; Falvey v. Simms Oil Co., Tex.Civ.App., 92 S.W.2d

292, and Smith County Oil & Gas Co. v. Humble Oil & Ref. Co., 112 S.W.2d 220, decided by this court May 19, 1937, and wherein it was held, as follows: "Under the repeated holdings of this court and of the Supreme Court, under such circumstances, the only matter with which the courts are concerned is whether or not there was substantial evidence before the Railroad Commission to sustain its order in the premises."

Under the above-stated rule, the only inquiry in the instant case was whether there was any substantial evidence to sustain the action of the Railroad Commission in granting the permit to drill the second well as an exception to rule 37, in order to prevent waste and to protect vested rights or to prevent confiscation; and affirmative evidence having been introduced which substantially supports these findings, the court inquiry was at an end. There was no issue for the jury, but the court should have sustained the permit and refused the permanent injunction in this case without submitting any issue to the jury. Indeed, the issues submitted to the jury were the ultimate issues of fact upon which the commission itself made its findings. A contrary finding by the jury would have permitted the court and jury to have substituted themselves for the commission in the administration of the conservation laws. And while "it is true that this attributes to the work of the Commission a high degree of verity; but it is the plain language of the law, and is, no doubt, a wise provision." Railroad Commission v. Galveston C. of C., 105 Tex. 101, 145 S.W. 573, 580.

The judgment of the trial court will be affirmed.

Affirmed.