**T. S. C. MOTOR FREIGHT LINES, Inc., v. VANWAY EXPRESS CO., Inc., et al.**

**No. 9086.**

Court of Civil Appeals of Texas. Austin.

Feb. 12, 1941.

Rehearings Denied March 5, 1941.

Rawlings & Sayers, and Nelson Scurlock, all of Fort Worth, for appellant.

James J. Shaw, George P. Kirkpatrick, and M. S. Lindsay, all of Houston, for appellee Vanway Express Co., Inc.

Gerald C. Mann, Atty. Gen. and Glenn R. Lewis, and Geo. W. Barcus, Asst. Attys. Gen., for appellee State of Texas.

BAUGH, Justice.

Suit was by appellant against the Vanway Express Company, Inc., and the Railroad Commission, to cancel two certificates of convenience and necessity issued by the Commission, authorizing the holder to operate motor trucks as common carriers for hire over designated highways, and between designated points, from Houston to Port Arthur via Beaumont (Cert. No. 2109); and from Beaumont to the Texas-Louisiana State line via Orange (Cert. No. 2796); to set aside an order of the Railroad Commission of May 29, 1939, approving the sale and transfer of these certificates to Vanway Express Company, Inc.; and to enjoin any operations by the Vanway under them. The appellant is a competing carrier over the same routes. Trial was to the court without a jury, and the relief sought denied, from which the T. S. C. Motor Freight Lines has appealed.

A history of these certificates will contribute to a better understanding of the issues presented in the instant case. They were originally issued to P. B. Adkins, and by him sold and transferred, with approval of the Railroad Commission, to W. W. Fulbright, doing business under the trade name of L. S. & P. Freight lines, on January 30, 1934, who began operations under them. Soon thereafter a corporation, with Fulbright as president thereof, was formed under the name of L. S. & P. Freight Lines, Inc., and though these certificates were never transferred to the corporation on the records of the Railroad Commission, nor a sale approved by the Commission, the corporation continued operation under these certificates. In January, 1935, this corporation was, at the instance of Fulbright and others, placed in the hands of a receiver by suit in the District Court of Jefferson County, Texas, and Gabe Hebert appointed receiver, who continued such operations for a short time thereafter, when all operations under such certificates appear to have ceased entirely, due to the fact, apparently, that most of the equipment used in such operations was either turned over to creditors or sold to satisfy debts of the corporation.

On April 9, 1935, after a hearing, the Railroad Commission ordered these two certificates cancelled for failure of the operators to remit C O D collections to the shippers. On April 24, 1935, Hebert, as receiver for the L. S. & P., Inc., filed a motion with the Commission to reinstate these certificates and permit him, as receiver, to operate under them. On May 13, 1935, the Commission, in an order made upon such motion, recited that no application had been made to it for the sale of such certificates, and no sale thereof had been authorized; that prior to the April 9th order of cancellation an injunction had been issued out of the District Court of Jefferson County, without its knowledge, restraining the Commission from interfering with the operation by the receiver; and that subsequent to the entry of the April 9th cancellation order, the Commission had been cited for contempt for disobeying that injunction. Its order of May 13, 1935, provided that the April 9th order of cancellation "is hereby rescinded, and said certificates reinstated, pending the final disposition thereof by a proper court of competent jurisdiction and of this Commission."

Thereafter, with approval of the District Court of Jefferson County, Hebert, as receiver for L. S. & P., Inc., sold as the property of that corporation, these two certificates to the Vanway Express Company, Inc., which sale was approved by the District Court of Jefferson County on July 8, 1935. Upon failure or refusal of the Railroad Commission to approve this sale, the Vanway filed a mandamus suit in Jefferson County District Court to compel it to do so. The mandamus was granted, but upon appeal to the Court of Civil Appeals at Beaumont that judgment was reversed, and the whole matter ordered transferred to the District Court of Travis County. See Railroad Commission v. Vanway Express Company, 103 S.W.2d 814.

When the suit was transferred to Travis County, the Railroad Commission filed its plea in abatement to the Vanway's suit to compel the transfer to it of these certificates, one of the grounds specifically pleaded for abatement being that these two certificates, after notice and hearing had thereon, had been cancelled by a legal and final order entered on April 9, 1935, from which no appeal was ever taken; and "that no valid, legal order rescinding said cancellation has been entered." Consequently, the certificates having been cancelled, and no longer in force, there was nothing to transfer, and no approval of a

transfer to anyone could be given by the Commission. In the trial of that suit, the trial court rendered judgment on September 24, 1937, sustaining the Commission's plea in abatement after, as recited in said judgment, "having heard the evidence in support of and against same * * *." That judgment became final.

Meantime, the original application of the L. S. & P. Freight Lines, Inc., for the sale and transfer of these certificates to the Vanway, filed with the Commission on July 22, 1935, appears to have remained on its docket undisposed of. After the litigation had ended the Commission heard further evidence thereon in June, 1938, entered its order on October 4, 1938, wherein it recited generally the history of these certificates as above outlined, again concluded that these certificates were no longer in force but had been cancelled by its order of April 9, 1935, which cancellation was adjudicated by the September 24, 1937, judgment of the District Court of Travis County, and for that reason dismissed the application of the L. S. & P. for approval of a transfer to the Vanway. This order was not attacked in any manner.

Thereafter, upon application filed on May 26, 1939, by W. W. Fulbright, doing business as L. S. & P. Freight Lines, the Commission by order dated May 29, 1939, approved the sale and transfer of these two certificates to the Vanway Express Company, Inc., and authorized the use of twelve trucks in operation thereunder. This order is the one here under attack. The grounds of attack are:

1. That the order was entered and certificates issued ex parte, without notice to appellant, and without a hearing before the Commission.

2. That the certificates had already been cancelled by a valid Commission order of April 9, 1935, and were no longer in force;

3. That the order of May 13, 1935, which undertook to rescind that of April 9th, was entered without notice or hearing, was therefore ineffective to suspend the cancellation order, and had been so adjudged by the District Court of Travis County, on September 24, 1937; and

4. That the Commission's own order of October 4, 1938, again holding that the certificates had been cancelled, was a final order, not appealed from, nor set aside, and therefore binding on the Commission.

It is not controverted that no operations were conducted under these certificates from sometime in 1936 until after the first of January, 1940. The certificates were carried on the insurance records of the Railroad Commission in the name of "L. S. & P. Freight Lines, Beaumont, Texas, W. W. Fulbright," until sometime in 1935, and thereafter as "L. S. & P. Freight Lines, Gabe Hebert, Receiver W. W. Fulbright & or L. S. & P. Freight Lines," and the insurance policies required by law of such operators to protect shippers were kept continuously in force up to May, 1939, when the purported transfer to Vanway was made.

The trial court found in the instant case that both the order of April 9, 1935, cancelling these certificates, and that of May 13, 1935, reinstating them, were valid orders; but that the order of April 9th had never become final; that the order of the Commission of October 4, 1938, was a valid order, but that Fulbright was not a party to it; that the Travis County District Court judgment of September 24, 1937, did not bind Fulbright because he was not a party to it; that since these certificates were carried on the records of the Railroad Commission at all times in Fulbright's name, he still owned them and consequently was entitled to sell and transfer them, with the Commission's approval in 1939; and that the order here complained of did not amount to issuance of new certificates, requiring notice and hearing by the Commission and a finding of public convenience and necessity for such service.

The first contention made by appellant is that the Commission's order of October 4, 1938, was a final valid order of the Commission and conclusively disposed of these two certificates. This order, after reciting numerous prior proceedings, stated: "The Commission, after reviewing the above facts, makes its findings in accordance therewith and finds that there are now no valid and subsisting certificates as above described in existence subject to sale and transfer."

These findings were predicated not only upon the orders of April 9, 1935, and May 13, 1935, and the proceedings in the Jefferson County District Court, and the Travis County District Court, but also upon an additional hearing upon the application to sell the certificates to the Vanway conducted at Houston, Texas, on June 22, 1938, after all the former proceedings had

been concluded. It cannot be said, therefore, that the October 4, 1938, order was only an attempt by the Commission to review and interpret its former orders, or to interpret the district court judgments. There is nothing to show what evidence was before the Commission at the Houston hearing; but the fact that such hearing was held, and evidence heard thereat, indicates that the order of October 4th was not predicated wholly on prior proceedings and orders. So far as this record shows, there may have been ample evidence adduced at the Houston hearing to sustain the finding that the certificates were no longer in force, independent of and in addition to all prior proceedings had with reference to these two certificates. While the order entered was to dismiss the application for transfer, the specific findings on which it was entered were embodied in the order, and necessarily became a part of it. This order was a final order, and not attacked in any manner.

 We think it is immaterial that W. W. Fulbright in his individual capacity was not a party to that application, as found by the trial court, nor to the hearing on which the order was entered, if such were a fact. It is not controverted that he was president of the corporation formed in the same name under which he acquired these certificates in 1934; that after the corporation was formed it operated under, and claimed to be the owner, of these certificates; that Fulbright and others caused the corporation to be placed in the hands of a receiver early in 1935, and claimed these certificates as one of its assets; that the corporation, through its receiver, applied to sell them as its property to the Vanway with full knowledge of Fulbright; that when Fulbright in his individual capacity sought to interfere with such sale he was found guilty of contempt of court by the Jefferson County District Court; and that in all the proceedings in the District Court of Jefferson County, and in the District Court of Travis County, these certificates were considered and dealt with as the property of the corporation, manifestly with the full knowledge of Fulbright. Clearly, we think, after their status had thus been determined by the courts, as the property of the corporation of which Fulbright was the president, he cannot now be heard to contend that he and not the corporation, owns and has a right to sell same, merely because they had not been transferred by him to the corporation he had formed on the records of the Railroad Commission. Any valid finding, therefore, by the Commission, or by judgment of the District Court, that the certificates had been cancelled and were no longer in force, would be binding upon him.

 It is to be noted that the so called reinstatement order of May 13, 1935, was entered because of the suit pending in the Jefferson County District Court, and because of the injunction issued out of that court, involving these certificates, and expressly provided that same be effective "pending the final disposition thereof by a proper court of competent jurisdiction and of this Commission." It is manifest, we think, that the purpose and effect of this order was not to determine that the certificates should be reinstated on the merits of the controversy, but that the order of cancellation of April 9, 1935, be merely held in abeyance until the suit then pending involving them were finally disposed of. This was done in the judgment of September 24, 1937, which necessarily must have sustained as valid the cancellation order of April 9, 1935. And when the matter was again presented to the Commission it again determined by its order of October 4, 1938, that said certificates were no longer in force. That was a final order not appealed from, and was thereafter binding on the Commission. It cannot now be heard in the instant case to say that the certificates in question were valid in May, 1939, when it had twice by final orders of its own theretofore determined otherwise, and had so pleaded in the suit against it in the District Court of Travis County, and based on such pleading and proof, had procured a judgment in its favor on such issue. See Railroad Commission v. Arkansas Fuel Oil Co., Tex.Civ.App., 148 S.W.2d 895; 26 Tex.Jur., § 364, p. 35. These orders, and the District Court judgment, were clearly binding on the Commission, the Vanway, and L. S. & P. Freight Lines, Inc. And because of the facts above stated would, we think, also be clearly binding on Fulbright. He could not solemnly assert in one judicial proceeding that the corporation of which he was president owned the certificates, and in a subsequent proceeding in a different court take an inconsistent position.

 We are also of the opinion that the judgment of September 24, 1937, which necessarily adjudicated the validity, vel

non, of these certificates, would be stare decisis of this question, and thereafter binding against subsequent claimants thereof whether parties to the original proceedings or not. See 26 Tex.Jur., § 368, p. 46, and authorities there cited.

■■ It follows, therefore, that the approval by the Commission in May, 1939, of the sale and transfer of certificates no longer in force; could vest no rights thereunder in the purchaser. A renewal or revival thereof could be had only upon proper application made to the Commission, notice to parties affected, a hearing thereon and a finding by the Commission, as contemplated by Art. 911b, Vernon's Ann.Civ.St., as variously amended, that public convenience and necessity authorized such service, which had been abandoned from sometime in 1936 until after January 1, 1940.

For the reasons stated, the order of the Commission of May 29, 1939, approving the sale and transfer of said certificates to the Vanway Express Company, Inc., is set aside; and the cause reversed and remanded to the trial court for such ancillary relief as may be appropriate.

Reversed and remanded.