## WATTENBURGER v. RAILROAD COMMISSION OF TEXAS.

### No. 9893.

Court of Civil Appeals of Texas. Austin.

June 28, 1950.

Rehearing Denied July 12, 1950.

Christopher & Bailey, by T. S. Christopher, of Fort Worth, for appellant.

Price Daniel, Atty. Gen., and Charles E. Crenshaw, Charles D. Mathews, and Everett Hutchinson, Asst. Attys. Gen., for appellee.

ARCHER, Chief Justice.

This is an appeal under Section 20 of Article 911b, Vernon's Ann.Civ.St. by D. C. Wattenburger, trustee in bankruptcy for Mid-Continent Truck Service, as a party dissatisfied with an order of the Railroad Commission of Texas entered June 16, 1948, cancelling Specialized Motor Carrier Certificate No. 5542 issued to C. H. Clary, Eva Maud Clary, and Charles Herman Clary, Jr., doing business as Mid-Continent Truck Service, on September 3, 1947.

Trial was to the court without a jury, and at the conclusion thereof the court rendered judgment upholding the validity of the order of the Commission and decreeing that appellant take nothing by his suit. Appellant duly excepted and gave notice of appeal, and requested findings of fact and conclusions of law.

The court duly made and filed findings of fact and conclusions of law, and at the request of appellant additional findings of fact and conclusions of law were made and filed.

The appeal is founded on the error of the court assigned in six points by appellant.

The first and second points are directed to the lack of evidence or of substantial evidence to support the order, and the order is therefore void. The third point is that the order is arbitrary, unreasonable, unjust and void. The fourth is to the effect that appellant was deprived of constitutional due process, by the way and manner the Commission acted in cancelling certificate No. 5542. The fifth point is that the certificate is a property right protected by the constitutional requirement for due process of law; and the sixth and final point is that the order of cancellation is void and that the Commission was without jurisdiction to make or enforce the same because Section 12(b) of Article 911b, V.A.C.S. of Texas, is an unconstitutional delegation of strictly judicial functions to a Commission belonging to the Executive Branch of the Government, in violation of the Constitution, Articles 2 and 3, Section 1, Vernon's Ann. St.

 We believe that the Commission had jurisdiction over the subject matter and the power to enter the order, and that Article 911b, supra, is constitutional. Texas & P. Motor Transp. Co. v. Railroad Commission, 124 Tex. 126, 73 S.W.2d 509; T. S.C. Motor Freight Lines v. Vanway Express Co., Tex.Civ.App., 148 S.W.2d 899. We, therefore, overrule assignments Nos. 5 and 6.

The first, second and third points are briefed together and will be determined by us accordingly.

As is stated by the appellant, the facts in the case are substantially without dispute. Herman Clary had been operating Specialized Motor Carrier Permit No. 5542 since 1931, with his own trucks. He was in the Army from February 1942 until March 1943. He was unable to purchase trucks and began leasing trucks, owner operated, paying the owner 80% of the gross receipts. Insurance was carried in the name of the Mid-Continent Truck Service. Part of the insurance was charged to the truck owners. All trucks carried the name of the company and had the usual plates.

Since 1931 Clary had been in the trucking business and owned his trucks.

On July 18, 1940, Special Commodity Permit No. 12934 was granted to C. H. Clary, and contained a clause as follows: "All equipment to be operated under the authority herein granted is to be restricted to that owned by the holder of such permit and shall not exceed twenty-three trucks."

This Special Commodity Permit was converted into a Specialized Motor Carrier Certificate, and had a clause requiring that all equipment shall not exceed the number as shown by the last equipment report.

The certificate was originally issued to C. H. Clary in 1941. The authority was amended before and after the transfer and the certificate was issued September 3, 1947, to C. H. Clary, Eva Maud Clary and Charles Herman Clary, Jr., doing business as the Mid-Continent Truck Service.

On August 17, 1942, the Commission made a general order authorizing motor carriers to lease equipment for the purpose of making extra trips, without registration, but that equipment leased for a longer period than 72 hours be registered and carry identification plates and cab cards. This general order was cancelled by Order No. 74, dated September 17, 1945. This order authorized carriers to lease equipment of other persons and other carriers for extra trips, but required registration and the display of identification cards and plates.

Order No. 74 was cancelled by order entered June 23, 1947. This order is, in part, as follows, and authority to operate ceased:

"June 23 '47

\* \* \* \* \* \*

"The hearing was held at the Texas State Capitol in Austin, Texas, on Friday, May 30, 1947, at which time numerous carriers appeared by representatives and by their attorneys and made statements and recommendations in favor of and opposing the cancellation of General Order No. 74, which authorized the lease of equipment by this expressed rule of the Commission. The General Order No. 74 was originally issued as an emergency matter on August 17, 1942, authorizing short leases without registration, and later on September 17, 1945, that

portion of the order was cancelled and the order was rewritten in its present form. The Commission is now of the opinion that the entire order should be cancelled. Accordingly, it is

"Ordered By the Railroad Commission of Texas that General Order No. 74 as rewritten on September 17, 1945, BE, and the same is hereby in all things Cancelled."

On June 16, 1948, the Commission entered the order in suit, cancelling the certificate No. 5542, pursuant to a hearing had on April 20, 1948. The transcript of testimony in the hearing was, by stipulation, admitted in evidence at the trial for limited purposes and so considered by the court.

On the trial of the case the court heard the witnesses and had transcript of the testimony at the hearing before him.

The court made fact findings that the certificate No. 5542 was issued to C. H. Clary; was subsequently transferred to Mid-Continent Truck Service; that the truck service owned no trucks or equipment, but carried on business solely by means of trucks leased; that 80% of gross operating revenues was paid to the driver-owners, less some deductions for insurance, taxes, etc.; that the Commission authorized the leasing of equipment to supplement owned equipment for a term not to exceed 72 hours, without approval; that on September 17, 1945, the Commission cancelled this authority in the order of August 17, 1942, but permitted the leasing of equipment with its approval; that on May 30, 1947, a hearing was had in relation to the cancellation of Order No. 74, and in which C. Herman Clary participated by giving testimony and was represented by counsel. Order No. 74 was cancelled on June 23, 1947. On April 1, 1948, notice was given Mid-Continent to appear and show cause why its certificate should not be cancelled; hearing was had April 20, 1948, at which hearing appellant appeared, represented by counsel, and gave testimony, and made no objection at the hearing or thereafter to the form or character of the notice under which appellant appeared to the proceedings or the manner of conduct thereof at any stage prior to the filing of the suit, the subject of this appeal. On June 16, 1948, the Commission cancelled certificate No. 5542; that the Commission was without control over the operation of the trucks, due to the manner and method Mid-Continent conducted its business; that Mid-Continent permitted removal from one truck to another of the plates and cards before obtaining authority from the Commission to make the substitution; that Mid-Continent could not discharge a driver-owner and keep his truck; that the owner of the trucks paid a part of the fees, insurance, and all of the ad valorem taxes on such truck and gross receipts, etc.

The court concluded as a matter of law that operation had been discontinued by Mid-Continent prior to June 16, 1948, as contemplated by subsection (b) of Section 12 of Article 911b, V.A.C.S; that Mid-Continent neglected to observe the Commission's regulations, that Mid-Continent had a sufficient legal notice of the proceedings pursuant to which the certificate was cancelled, having participated therein; that Mid-Continent has no vested right in the use of the highways for transportation for hire, but only a privilege granted by the State subject to limitation, suspension or revocation for cause; that the order of June 16, 1948, is supported by substantial evidence, and is not unreasonable, unjust or unlawful.

■ All orders of the Commission are presumed to be valid until the contrary is shown. Webster v. Texas and Pacific Motor Transport Co., 140 Tex. 131, 166 S.W.2d 75.

■ The burden of proving the invalidity of an order of the Commission is on the party challenging the validity in proving that it has no reasonable factual basis for its support. Section 20, Article 911b, V.A. C.S.; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424.

■ The court cannot put itself in the position of the Commission and substitute its discretion for that of the Commission in determining the wisdom or advisability of the order, and will consider only whether the action of the Commission in its deter-

928

mination of the facts is reasonably supported by substantial evidence. Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022; Miller v. Tarry, Tex.Civ. App., 191 S.W.2d 501, Er.Ref.N.R.E.

■ In the hearing of April 20, 1948, counsel for appellant sought to show that the leases, while termed leases, actually were conditional title ownership, and were operating agreements, and that Mr. Clary had absolute control of all of these trucks, the same as if he owned them. The Commission found against this contention.

■ The fourth point complains of the order as depriving appellant of due process under the Constitution, article 1, § 19.

The trial court found, and the facts are undisputed, that the tender of payment of fees and taxes was in no case made prior to October 1, 1947, and that the payment date is fixed as between September 1st and 15th of each year; and that appellant took no action of any character to force the Commission to accept the checks and issue the plates and cards provided by the statute, Article 911b, supra.

■ The action of appellant in participating in the hearing and offering testimony thereat, represented by able counsel, amounted to a waiver of the limitations in the notice, and in making no objections to the form of the notice or of the proceedings pursuant thereto, amounted to a waiver and a voluntary appearance for all purposes, and had as such legal notice. See Sections 4(a), 4(c), 4(d) and 12(b) of Article 911b; Greer v. Railroad Commission, Tex.Civ. App., 117 S.W.2d 142, Er.Dis.; Kerrville Bus Co. v. Continental Bus System, Tex. Civ.App., 208 S.W.2d 586, Er.Ref.N.R.E.

■ The appellant does not have a property right in the use of the public highways for profit, but only a privilege. Railroad Commission v. McDonald, Tex.Civ. App., 90 S.W.2d 581.

In the City of Wichita Falls, Tex., v. Bowen, 143 Tex. 45, 182 S.W.2d 695, 698, 154 A.L.R. 1434, the court said: "* * * Furthermore, it is settled by universal authority that no person can acquire a vested right to use public streets and highways for carrying on a commercial business."

Railroad Commission v. Metro Bus Lines, 144 Tex. 420, 191 S.W.2d 10.

The judgment of the trial court is affirmed.

Affirmed.