**STOTTS v. RAILROAD COM-MISSION et al.**

No. 9933.

Court of Civil Appeals of Texas. Austin.

Jan. 17, 1951.

Rehearing Denied Feb. 7, 1951.

A. M. Felts, of Austin, for appellant.

Price Daniel, Atty Gen., and Everett Hutchinson and Charles E. Crenshaw, Asst. Attys. Gen., for appellees.

HUGHES, Justice.

This suit was brought by H. W. Stotts, appellant, to set aside an order of the Railroad Commission of Texas, cancelling appellant's certificates of convenience and necessity, Nos. 5509 and 6313. These certificates authorized appellant to operate a motor truck service between certain designated points in Texas for the purpose of transporting certain named commodities for compensation.

Trial before the court resulted in a judgment sustaining the order of cancellation.

Appellant's first point is that the Railroad Commission has no judicial powers and was, therefore, without authority to pass the order cancelling the certificates.

■ This point is overruled upon the authority of Wattenburger v. Railroad Commission of Texas, Tex.Civ.App., 231 S.W.2d 924 (Austin, Writ Ref. N. R. E.).

By point two it is urged that the written complaint filed against appellant before the Commission by one of its enforcement officers was insufficient in that it did not allege any of the statutory grounds for cancellation as set out in Art. 911b, Sec. 12(b), Vernon's Ann.Civ.St.

This section provides: "The Commission at any time after hearing, had, upon notice to the holder of any certificate or permit and after opportunity given such holder to be heard, may by its order revoke, suspend or amend any certificate or permit issued under the provisions of this Act, where in such hearing the Commission shall find that such certificate or permit holder has discontinued operation or has violated, refused or neglected to observe the Commission's lawful orders, rules, rates or regulations or has violated the terms of said certificate or permit; provided, that the holder of such certificate or permit shall have the right of appeal as provided in this Act."

■ We have been cited to no statute and have found none, requiring a complaint to be lodged with the Commission as a prerequisite to exercise of the authority conferred on the Commission by the above statute. No such complaint being required, its alleged insufficiency is immaterial.

The third point is to the effect that conceding appellant transported commodities other than those which he was authorized to transport and that he traversed territory beyond the limits defined in his certificates, that these are penal acts prohibited and punishable by criminal statutes, and that the cancellation of his certificates in this proceeding, likewise penal in nature, would place him twice in jeopardy for the same offense.

■ No authorities are cited in support of this point. We will not discuss the question on its merits because there is no evidence in this record that appellant has been prosecuted, convicted or acquitted under the criminal statutes for the same acts as are made the basis of this proceeding.

The fourth and last point is that the order under attack was not based upon substantial evidence.

The order cancelling appellant's certificates contains the following recitation and findings:

"The Commission finds from the evidence and its records that H. W. Stotts is the owner of Specialized Motor Carrier Certificate No. 5909 which authorizes the transportation of household goods from Wortham, Texas, to all points in Texas, and from all points in Texas to Wortham; livestock, livestock feedstuffs, farm machinery, grain and timber in its natural state from Wortham to all points within a 150 mile radius of Wortham and from all points within a 150 mile radius of Wortham to Wortham; oil field equipment to and from all points within a 150 mile radius of Wortham. The certificate carries the usual restrictions concerning the transportation of certain commodities.

"The Commission finds from the evidence and its records that H. W. Stotts is also the owner of Specialized Motor Carrier Certificate No. 6313 which authorizes the transportation of livestock, wool and mohair from Lubbock, Texas, to all points in Texas located west of U. S. Highway No. 81 and U. S. Highway 181 from Ringgold to Aransas Pass, and from all such points to Lubbock, livestock feedstuff, farm machinery and grain from Lubbock to all points in Texas located west of U. S. Highways Nos. 81 and 181, Ringgold to Aransas Pass, and from all such points to Lubbock; and to transport between all points located west of U. S. Highways 81 and 181; Ringgold to Aransas Pass, pipe, when moving as oil field equipment and oil field equipment other than pipe, and the commodities named

in detail in the certificate such as trenching machines which commodities follow in detail, and specifically the commodities granted under what is known as the Walker Record. This certificate has the usual restrictions concerning livestock feedstuff, farm machinery and grain, and the commodities named as water pipe and commodities named under the Walker Record. The Commission finds from the evidence and its records that these two certificates are the only authorities to operate as a carrier held by H. W. Stotts.

"The Commission finds from the evidence that on October 27, 1949, one of the Inspectors of the Railroad Commission inspected a truck of H. W. Stotts near Houston, Texas, and that truck had on it identification plates of the Railroad Commission Nos. S–15387 and S–15384. This truck also has cab cards describing the authority contained in the two above-mentioned specialized motor carrier certificates. This truck contained a load of canned goods and cartons shipped from the Tex-Plains Canning Co. to Reid-Murdock & Company, Houston, Texas. An exhibit marked 'No. 1' was filed at the hearing, which is a bill showing the shipment and the bill being numbered 204157. This bill is an original and shows that the merchandise was received by Reid-Murdock & Co., Inc. on October 28, 1949, the shipment being one that moved over highways for hire from Lubbock to Houston, Texas. The Commission further finds from the evidence that on December 15, 1949, the International Bag Company, Inc., of Houston, Texas, shipped from that point some 5,000 bags consigned to Youngblood's at Waco, Texas, and that this shipment was transported over the highways for hire by H. W. Stotts. An Exhibit No. 2 was filed and received in evidence at the hearing on the motion to cancel Shipper's No. 3230. The Commission finds from the evidence that the truck used in this transportation was a White Truck registered in the name of H. W. Stotts, with identification plates issued by the Railroad Commission numbered S–15384 and S–15389, and cab cards describing the authority contained in Specialized

Motor Carrier Certificates 6313 and 5909. The license number was V/A 2990. At the time the truck was examined by the Inspector of the Railroad Commission it contained ten bales of bags. The bill of lading No. 3230 previously mentioned accompanied the shipment and was contained in an envelope on the seat of the truck. The Commission finds from the evidence that on December 15, 1949, an Inspector for the Railroad Commission of Texas checked a truck, being a White Truck, license No. V/A 2990, registered in the name of H. W. Stotts, identification plates No. S–15384 and S–15389, which truck contained cab cards describing the authority under Specialized Motor Carrier Certificates Nos. 6313 and 5909. This truck contained a shipment of steel from the Sheffield Steel Corporation at Houston, destined to the Lubbock Machine Company, Lubbock, Texas, and was being transported over the highways for hire by H. W. Stotts. Exhibit No. 3 of the delivery ticket No. 23349 of Sheffield Steel Corporation was introduced in evidence at the hearing. The Commission finds from the evidence that in each of the instances cited above the transportation by H. W. Stotts was of commodities that he was not authorized to transport under his certificates, and that particularly in the instance of Houston, Texas, he went entirely outside of his territory as authorized under the certificate. The carrier, H. W. Stotts, is not authorized to operate between Houston and Lubbock, and was not authorized to transport for hire the commodity he was transporting on that trip. The Commission further finds that the carrier, H. W. Stotts, is not authorized to operate between Houston and Waco and is not authorized under any of his certificates to transport bags, and the carrier is not authorized to operate from Lubbock to Houston in the transportation of canned goods; nor is he authorized to transport canned goods or cartons under either of his certificates. The Commission further finds from the evidence that the driver of the truck in each instance when apprehended was an employee of H. W. Stotts, and was transporting the commodities for H. W. Stotts as his driver,

and the Commission further finds that in each instance H. W. Stotts was transporting the commodities for hire over the highways of Texas as a motor carrier. The Commission further finds from the evidence that in each instance the identification plates attached to the vehicle were those provided by law to identify the vehicle on which the same is attached, as being a vehicle authorized to operate under the terms of the Motor Carrier Law. The Commission further finds from the evidence that in each instance cab cards, as provided by the Motor Carrier Law, were carried in the cab describing the only authority H. W. Stotts has to operate in the transportation of commodities for hire over the highways of Texas. The Commission further finds from the evidence that in each of the instances previously cited the transportation engaged in by H. W. Stotts was illegal and not authorized, and that in each instance it was a violation of the rules and regulations of the Commission and of the authority contained in Specialized Motor Carrier Certificates Nos. 6313 and 5909, and that the carrier, H. W. Stotts, knowingly violated his certificates in engaging in the transportation for hire above described. The Commission is, therefore, of the opinion that both of the Specialized Motor Carrier Certificates should be cancelled."

■ This order is presumed to be valid; it is presumed to be reasonably supported by substantial evidence.

We apply these presumptions to the order and to the findings in the order except as to the particular matters challenged by appellants. The nature and extent of this challenge is fully and completely shown by the following excerpt from appellant's brief: "It is evident from the testimony of Mr. Baker that he inspected these trucks and saw the trucks in Houston. Nobody saw the trucks out on the highway. The Railroad Commission produced no evidence that these particular trucks operated in any place outside the city of Houston. All the points and places where the witness saw the trucks were within the corporate limits of the city of Houston. The Railroad Commission has no jurisdiction over operations within corporate limits of a city or town, and no right to prosecute anyone for hauling anything he wants to within the corporate limits of a city or town. The conviction, therefore, and the finding of the Railroad Commission are without any support whatsoever in the testimony of its witness, and the conviction is therefore not based upon substantial evidence."

The record shows that appellant was present at the hearing conducted by the Commission and at the trial in the court below, but that in neither instance did he offer any evidence that any of the charges against him were untrue.

Without any explanation by appellant we believe it fairly inferred from the unchallenged facts that appellant's trucks traveled over the public highways in order to reach Houston, an unauthorized shipping point, and that such trucks transported over the highways and received for transport over such highways merchandise and commodities which appellant was not authorized to transport.

With reference to the transportation of canned goods from Tex-Plains Canning Company in Lubbock to Reid-Murdock Company in Houston, the driver of appellant's truck, when apprehended in Houston, on November 27, 1949, stated that he had brought the shipment from Lubbock.

With reference to the shipment of steel and bags from Houston on December 15, 1949, the driver of appellant's truck, when apprehended in Houston, stated that the steel was going to Lubbock and the bags to Waco.

These statements of the drivers were verified by bills of lading found in their possession.

■ We overrule this point and finding no error in the record, affirm the judgment of the trial court.

Affirmed.