Don CRAVENS, Receiver for Buffalo Valley Gas Authority, a public trust, and Commercial and Industrial Bank of Memphis, Appellants,

v.

CORPORATION COMMISSION of the State of Oklahoma; Jay McCown, L.R.C. Corp., and Cleary Petroleum Corporation, Appellees.

No. 52488.

Supreme Court of Oklahoma.

April 29, 1980.

Rehearing Denied July 21, 1980.

---

Don Ed Payne, Payne & Welch, Hugo, Val R. Miller, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for appellants.

Richard K. Goodwin, Oklahoma City, for appellees, Jay McCown and L.R.C. Corp.

DOOLIN, Justice:

Don Cravens, duly appointed receiver of the Buffalo Valley Gas Authority (Authority) made application to the Oklahoma Corporation Commission (Commission) to vacate an order establishing a 160 acre drilling and spacing unit for the Big Fork, Authority, a public trust established for the purpose of furnishing natural gas to certain towns had been in receivership for a year when Commission created the unit. At that time Authority, through the receiver, was operating the Reneau Well # 1, a producing gas well located on an 80 acre lease included in the unit.

Jay McCown et al. (applicants) obtained the drilling and spacing order for the Big Fork (Reneau Chert) alleged common source of supply underlying a quarter section in Latimer County, Oklahoma. The order designated Authority's well as the unit well. Despite actual knowledge of Authority's lease, its operation of the producing well and the existence of the receivership in Pushmataha County, applicants did not notify receiver of the proceeding before the Commission wherein they sought to include Authority's 80 acre lease in a single 160 acre unit. Notice was by publication only. Applicants did not seek to space any other acreage in the area and the order was entered by default.

Receiver was unaware of the application or proceeding before Commission until after the order was issued. It was on this principle Receiver[1] sought to vacate the order, claiming had he received notice he would have appeared and resisted the application by presenting evidence there was no basis for creating the 160 acre unit, rather than an 80 acre unit.

After hearing the trial authority recommended Receiver's application be granted and the original order vacated. Applicants filed exceptions. Commission heard the exceptions and considered the trial examiner's report but declined to accept it or to vacate the order enlarging the unit. Receiver appeals.

Oklahoma statutes and the rules of the Corporation Commission provide the minimal type of notice required for each type hearing, depending on the relief sought.

52 O.S.1979 Supp. § 87.1 sets forth the publication notice required when a drilling and spacing order is sought. This same requirement is contained in Commission rule 12(b) which provides:

"Applications Relating to Units: Notice of an application to establish, change or rearrange drilling and spacing units, and an application to create a unit pursuant to 52 O.S.1961 Sec. 287.1 et seq. shall be published one time at least fifteen days

1. Appellant Commercial and Industrial Bank of Memphis is the bond indenture trustee for Authority.

prior to the hearing in a newspaper published in Oklahoma City, Oklahoma and in a newspaper published in each county in which lands embraced in the application are located. (52 O.S.1961 Sec. 87.1)."

It is stipulated the notice requirements of the statutes and this rule were met. Notice was published in Oklahoma County and Latimer County where the well was located. However, there was no publication in Pushmataha County where the receivership was pending. Under these facts and circumstances we do not believe the publication notice provided by the statute and rules was adequate to meet constitutional scrutiny.

■ It is generally held that administrative agencies may not deprive, nor may a statute empower them to deprive, a person of his constitutionally protected rights without notice and hearing.[2] A statute or administrative rule may not take away or infringe on rights guaranteed by the constitution. We are unaware of any other proceeding so profoundly affecting personal or property rights where notice commences with publication instead of after other avenues have been exhausted, such as service of summons or notice.

Since the case of *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950) promulgated standards which must be met before notice or service by publication is effective, this court has consistently required due diligence in giving notice of a proceeding to persons whose rights could be adversely affected. In *Bomford v. Socony Mobil Oil Co.*, 440 P.2d 713 (Okl.1968), we stated due process requires this notice to be given by means reasonably calculated to inform all affected parties.

If the proceeds from the sale of the gas are ordered to be shared because of the creation of an enlarged unit comprising an additional 80 acres leased by another entity, there is no doubt Authority's legal rights will be directly and adversely affected thereby. When the names and addresses of the parties are known, or are easily ascertainable by the exercise of diligence, notice of pending proceedings by publication service alone, is not sufficient to satisfy the requirements of due process under federal or Oklahoma constitutions.[3]

When the original applicants sought the 160 acre drilling and spacing unit there were at least two wells in the area, the producing Reneau # 1 operated by Authority, and an offset, found by Commission to be a dry hole. Applicants admit to knowledge of the producing well operated by Authority on the 80 acre lease included in the new unit and of the existence of the receivership in Pushmataha County and the identity of the receiver. No notice was given to Authority or Receiver under appointment in Pushmataha District Court. The order was entered without opposition as no other leasehold was involved.

Regardless of the statutory provisions for publication alone applicants were required to use due diligence in notifying receiver of their application under the principles of *Bomford* and *Mullane*.

Accordingly we hold when an applicant seeks to establish a drilling and spacing unit which includes a producing leasehold and the applicant knows of the identity of parties owing an interest therein or can with due diligence ascertain same, such applicant must not only give the notice required by statute and rule but must comply with the standards of *Bomford* and *Mullane*.

REVERSED.

All the Justices concur.

---

2. *Southern Ry. Co. v. Commonwealth of Virginia*, 290 U.S. 190, 54 S.Ct. 148, 78 L.Ed. 260 (1933); *Tulsa Classroom Teachers Association, Inc., v. State Board of Equalization*, 601 P.2d 99, 102 (Okl.1979).

3. Also see *Johnson v. McDaniel*, 569 P.2d 977 (Okl.1977); *Tannie v. Rodriquez*, 570 P.2d 332 (Okl.1977).