**STATE of Oklahoma, ex rel., COMMISSIONERS OF THE LAND OFFICE, Appellant,**

v.

**CORPORATION COMMISSION OF OKLAHOMA, Anadarko Production Company, Dessie Lee Baker, Jewell Pearl Baker, Christina Copp, Marbecco Lynn Copp–Haynes, Pamela Virginia Copp, Evelyn J. Bailey, P.J. Parks, Appellees.**

**No. 59120.**

Supreme Court of Oklahoma.

Dec. 16, 1987.

John R. Robertson, Jr., Mary Beth Guard, Oklahoma City, for appellant.

Val R. Miller, Eileen B. Young, Crowe & Dunlevy, Oklahoma City, for appellee Anadarko Production Co.

Gretchen Hoover, Oklahoma City, for appellee Okla. Corp. Com'n.

HARGRAVE, Vice Chief Justice.

The Commissioners of the Land Office administer certain lands of the state for the benefit of the common schools by virtue of Oklahoma Constitution, Article XI § 3, 64 O.S.1981 § 1. The Land Office is authorized to lease any of the lands it administers for oil and gas production. 64 O.S. 1981 § 281. The land involved in the instant dispute has been leased by the Land Office to the Anadarko Production Company, the appellee. Anadarko, as lessee, drilled and operated a gas well on land leased from the Land Office. The Land Office received royalties from Anadarko's production under the terms of the lease.

After the proceeds from production had been distributed for a period of months, Anadarko, by application to the Corporation Commission, requested the Commission to establish a drilling and spacing unit for the common source of supply underlying the land on which Anadarko had drilled the well. Notice of its application was published by Anadarko in two newspapers as required by 52 O.S.1981 § 87.1(a). The Land Office claims not to have received notice of the pending application. This application resulted in Commission Order 146045 which established a 640–acre drilling and spacing unit for the Anadarko well effective October 10, 1978.

The Commissioners of the Land Office filed an application to vacate the spacing order on May 22, 1980. This application is based upon a claim that failure to give notice of the spacing application constituted a constitutional infirmity, in addition to the claim the Land Office was not subject to the jurisdiction of the Corporation Commission. After a hearing the Corporation Commission denied the Land Office's application for vacation of the spacing order.

The Land Office appeals from the Corporation Commission's refusal to vacate the order. Anadarko has cross appealed, claiming the Commission erred in failing to rule that the Land Office's application was barred by waiver, estoppel or laches. The Corporation Commission has adopted the argument of Anadarko in opposition to the appeal of the Commissioners of the Land Office.

The Land Office contends the land of the state it administers for the benefit of the common schools is not subject to the oil and gas conservation laws of Oklahoma; that the Corporation Commission has no jurisdiction over state lands.

Title 52 O.S.1981 § 87.1(a) provides:

To prevent or to assist in preventing the various types of waste of oil or gas prohibited by statute, or any of said wastes, or to protect or assist in protecting the

correlative rights of interested parties, the Commission, upon a proper application and notice given as hereinafter provided, and after a hearing as provided in said notice, shall have the power to establish well spacing and drilling units of specified and approximately uniform size and shape *covering any common source* of supply, or prospective common source of supply, of oil or gas within the State of Oklahoma; ... (emphasis added)

There is nothing to suggest that state lands are exempt from the operation of this statute. The Land Office concedes this, but argues 64 O.S. § 286 provides the exclusive means whereby state lands may be developed for oil and gas in common with other lands. Section 285 of Title 64 O.S. 1981 provides in part:

... Provided, the Commissioners of the Land Office shall have authority to enter into agreements upon such terms and conditions as they may impose, providing for the communitizing of any oil and gas lease executed by them with other leases to be jointly operated and developed as a unit when they deem such communitization action to be to the best interest of the funds and property under their management....

Similarly, there is no indication in this statute exempting state lands from the operation of the state's oil and gas laws. What the statute does authorize is voluntary communitization of the state's land and other property. This section does not deny the power of the Commission to order such communitization. The Land Office argues this sentence grants the Land Office the exclusive power to enter into drilling and spacing units in its sole discretion. This proviso is also necessary in light of the fact that some sections of state leases must require offset wells to be drilled:

... All leases for oil and gas provided in this article shall contain a provision requiring the lessee to drill a sufficient number of wells upon the leased premises to offset the wells upon adjoining contiguous premises, ...

We therefore hold that the Land Office is not exempt from Corporation Commission jurisdiction, and state lands are not exempt from state oil and gas conservation laws.

The appellant, Commissioners of the Land Office, contend that failure to give actual notice to them when their identity and whereabouts were known violates their rights to due process guaranteed by Article II, § 7 of the Constitution of the State of Oklahoma and the Fourteenth Amendment of the Federal Constitution. This argument assumes the state is a person under the above constitutional authority. In view of the analysis below it is unnecessary to address this contention.

■ The Land Office contends that the publication notice is constitutionally inadequate in view of the decision in *Cravens v. Corporation Commission,* 613 P.2d 442 (Okl.1980). In *Cravens, supra,* the Court held:

... [W]hen an applicant seeks to establish a drilling and spacing unit which includes a producing leasehold and the applicant knows of the identity of parties owing (sic) an interest therein or can with due diligence ascertain same, such applicant must not only give the notice required by statute and rule but must comply with the standards of *Bomford [v. Socony Mobil Oil Co.,* 440 P.2d 713 (Okl.1968)] and *Mullane [v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)].

Each party, as it coincides with their interest, argues that the *Cravens, supra,* opinion is, or is not, retroactive so as to apply to this action. Subsequent to the course of the briefing cycle in this action, this question has been answered in *Harry R. Carlile Trust v. Cotton Petroleum,* 732 P.2d 438 (Okl.1986). There the Court stated that because of the significant hardships that would be imposed if the decision were given retroactive effect, the rule is to be applied prospectively to spacing units which will be formed by Commission orders after the effective date of *Carlile, supra.* All spacing orders made by the Commission prior to the effective date of the *Carlile, supra,* opinion will be left unaffected by the notice standards of *Cravens, supra,* and *Carlile, supra,* and shall apply prospectively to units formed after the effective date of the opinion. More germane to this proceeding *Carlile, supra,* states that

orders yet to be made in proceedings presently before the Commission and in cases on direct appeal, in which areas under production are sought to be, or were, comprised within a spacing unit, shall be regarded as governed by notice standards announced in *Cravens, supra.*

In applying these precepts to this cause, it is noticed that this is an appeal from Order Number 223337 issued August 25, 1982. It seeks to vacate Order Number 146045 effective October 10, 1978. No appeal having been prosecuted from Order Number 146045 within the proper time frame, that order became final. The proceeding culminating in Order 223337 constitutes a collateral attack on the order forming the spacing unit. As such, under the precepts announced in *Carlile, supra,* the standards set forth in *Cravens, supra,* are not applicable to this cause and the notice given in the proceeding here attacked must be held sufficient.

■ The Commissioners of the Land Office contend that 12 O.S. §§ 707, 708, and 709 preclude the Corporation Commission from establishing the spacing unit in the manner in which it did so. In this vein the appellants object to the fact that the spacing order was issued after a hearing in which the appellant did not appear. Appellee Anadarko refers this Court to *Spaeth v. Corporation Commission,* 597 P.2d 320 (Okl.1979), in advancing the proposition that a proceeding to establish a spacing unit is not an action or suit and is not a proceeding between adversary parties and thus 12 O.S.1981 §§ 707, 708, and 709 are inapplicable. The Court is unable to retrieve the offered premise from that case. More instructive is an examination of the statute itself. Title 12 O.S.1981 § 707 provides in full:

> No order shall be made by any county, district or superior court in this State dismissing, for want of prosecution, any action now pending or hereafter filed wherein the State of Oklahoma is an interested party and in which the Attorney General or any assistant Attorney General shall appear as attorney of record, for the state, nor shall any judgment by default against the State of Oklahoma be rendered by any such court in such action, unless proof is made (that the Attorney General or assistant Attorney General appearing as counsel for the state, shall have been notified) in writing by registered mail, at least (10) days prior to the date set for such trial or hearing that the action has been set for trial.

The following sections, 708 and 709, set forth the form and proof of notice required in § 707 and the latter of the two, § 709, provides that any judgment rendered in absence of the notice required in § 707 is void.

An examination of § 707, *supra,* discloses it applies to a limited factual scenario which, on its face, is not coextensive with a proceeding in the Corporation Commission to establish a drilling and spacing unit. Section 707 provides a dismissal or default judgment shall not be entered against the state by any county, district, or superior court where the Attorney General appears as attorney of record in the absence of proof that notice as provided in § 708 is made ten days prior to rendition of the default or dismissal. The instant proceeding does not culminate in the rendition of a judgment of the district court, nor is the Attorney General shown as counsel of record in this proceeding. The statute is inapplicable to this proceeding upon a superficial examination of its language in at least two particulars.

Appellee Anadarko raises issues of waiver, estoppel and laches in its cross appeal. Resolution of the above discussed issues render discusion of these points unnecessary; the Court need not consider additional grounds for support of the order here found free of reversible error.

AFFIRMED.

DOOLIN, C.J., and HODGES, LAVENDER, SIMMS, OPALA, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs by stare decisis.